## DE CAMP v. MISSISSIPPI AND MISSOURI RAILROAD COMPANY.

1. RELEVANT INSTRUCTIONS. Instructions which are rendered relevant by the evidence should be given without regard to the weight of the evidence.

2. CORPORATIONS: TORT OF AN AGENT. A railroad company is liable for the careless and negligent acts of its agents in the course of the performance of their duty; but is not answerable for their criminal and willful acts.

*Appeal from Louisa District Court.*

TUESDAY, DECEMBER 3.

PLAINTIFF claims $300 as damages for the wrongful and careless act of defendants in running over, and killing two of his horses. Answer in denial; trial and verdict for plaintiff; judgment thereon, and defendants appeal.

*Richman* and *Bro.* for the appellants.

*Butler & Cloud* for the appellee.

WRIGHT, J.—Appellants asked this instruction : " A railroad company is not responsible for the criminal or wilful acts of its agents or servants. It is only answerable for the negligent and careless acts of its agents in the course of the performance of their duty." This was refused, and such refusal is now assigned as the prominent error in the case.

There was testimony rendering the instruction pertinent. It is not for us to say how much weight should have been given to the testimony of the witness, tending to show that the engineer was actuated by willfulness, and had a criminal intent at the time the train which he was running struck plaintiff's horses. Sufficient is it, that there was some testimony upon the subject, and that the instruction, if correct, was applicable and should have been given. And following what we understand to be an unbroken current of authorities, we are constrained to hold that the instruction contains the law and was improperly refused. The reason and policy of the rule, we need not discuss, for this has been done in numberless cases dating as far back as *Jones* v. *Hart*, 2 Salk. 440. A few of the many authorities only need be cited.

"A master is liable for the fault or negligence of his servant, but not for his wilful wrong or trespass." 2 Hill. on Torts 524. But a corporation is not liable for a wilful trespass of a person employed by it, although the act be authorized and sanctioned by the president and general agent." Ib. 474. Citing *Vanderbilt* v. *Richmond Turnpike Co.*, 2 Com. 479, a case very strong indeed in its circumstances and yet the corporation was held not liable. "The master is not liable for the *wilful* act of his servant, but he is held to answer for damages resulting from the negligence or unskillfulness of the servant acting in his employ." *Philadelphia Railroad Co.* v. *Nett*, 14 Whart. 143. "The principal is liable for the negligence, but not for the wilful misconduct of his agent." Angell on Carriers § 604; 1 Starkie Ev. 1111. *MacManus* v. *Crickett*, 1 East. 106. In *Wright* v. *Wilcox*, 19 Wend. 343, it is said, that the dividing line is the willfulness of the act. If the servant makes a careless mistake of commission or omision, the law holds it to be the *master's business negligently done.* But it is different with a wilful act of mischief." And see *Croft* v. *Alison*, 4 Barw. & Ald. 590; *Wilson* v. *Peverly*, 2 N. H. 548; *Locke* v. *Stearns*,

1 Met. 560; *Brown* v. *Purviance*, 2 Har. & Gill 317; *Leggett* v. *Simmons*, 7 S. & M. 348; 1 Amer. Lead. Cases, note 619.

Nor is the rule changed in the case of an engineer running the locomotive and train belonging to a railroad company. The agency employed is powerful and dangerous, and therefore, well might Justice GRIER, in *Phil. & Reading R. R. Co.* v. *Derby*, 14 How. 468, say that "public policy and safety require that such carriers should be held to the greatest possible care and diligence. Any negligence in such cases may well deserve the epithet of gross." But this case does not by any means ignore the dividing line between the *wilful* and *negligent* act. The discussion relates to the degrees of diligence, and there is no intimation that the corporation would be liable for the criminal or wilful act of its servant or engineer. The distinction between the act of the agent which is merely tortious, the result of carelessness or negligence, and one wilful, intentional, done from design or set purpose, as affecting the rights of the principal, is too patent, too obvious, to need elucidation. This distinction is not lost sight of in the case in 14 How. *supra*; and that opinion does not sustain the court below in refusing this instruction.

Reversed.