Day, J.
The jury returned a verdict for plaintiff for tbe sum of $63.90. In addition to tbis general verdict, tbe jury, at tbe request of defendant, answered certain special interrogatories, as follows, to wit:
“First i/nterrogatory. Do you find, from tbe evidence, that tbe engineer in charge of tbe engine, wbicb injured plaintiff’s colt,, was an employee of tbe defendant at tbe time said injury occurred? Ans. Yes.
“ Second i/nterrogatory. Do you find, from tbe evidence, that plaintiff’s colt was injured in consequence of tbe willful act of tbe engineer in charge of tbe engine wbicb struck said colt,? Ans. Yes.
“ TTiwd interrogatory. Do you find, from tbe evidence, that tbe engineer in charge óf tbe engine, wbicb struck tbe plaintiff’s colt, intentionally and willfully ran said engine against said colt ? A.ns, Yes.”
*195 Upon the rendition of the verdict, the defendant filed the following motion:
“The defendant in the above-entitled action hereby moves the com’t to set aside the general verdict of the jury in said action, and render a judgment for the defendant, on the special verdict of the jury, on the following ground:
“ The said general verdict is inconsistent with said special verdict.”
In the overruling of this motion lies the alleged error.
The motion should have been sustained. No effort was made in the court below to set aside the special findings. This court must presume that they are sustained by the evidence. That a master is not liable for the willful acts of his servant has been long and almost uniformly recognised as a rule of law. The very question involved in this case was presented to this court in De Camp v. The Mississippi and Missouri Railroad Company, 12 Iowa, 318, and it was there held, that a railroad company is not hable for the willful acts of its engineer, in running a locomotive and train belonging to the company. Upon the authority of that ease, the judgment of the circuit court is reversed, and the case remanded for further proceedings in harmony with this opinion.
Reversed.