PORTER v. THE C., R. I. & P. R. CO.

1. **Railroads**: WHEN NOT LIABLE FOR UNAUTHORIZED ACTS OF EMPLOYES. If the employes of a railway company, engaged in the operation of the road or the running of trains, commit an assault upon a citizen who is not a passenger upon the train or in any manner connected with the company, it is not liable for such assault.

2. ———: ———: RULE APPLIED. Where the employes of a railway company, engaged in running a train, saw obstructions upon the track, and at the same time plaintiff running from the place of the obstructions, and stopped the train, pursued and captured plaintiff and took him to a point where, an examination having been held, sufficient evidence to detain him was not discovered and he was returned to his home without expense to himself, it was held, that in the absence of any other authority from the company than the mere relation of employer and employe, the company was not liable for the act.

*Appeal from Jasper Circuit Court.*

WEDNESDAY, OCTOBER 20.

THIS action is brought to recover of the defendant for an alleged arrest and assault of plaintiff by the employes of the defendant. Answer in general denial, and also as follows: "3d count. The defendant alleges that on the 17th of November, A. D., 1873, as its passenger train was moving westward

towards its depot station at Colfax in Jasper county, Iowa, and carrying the United States mail, and at a point some two miles east of said station, the engineer in charge of and running the engine drawing the train discovered an obstruction placed upon the railroad track in such a manner as to endanger the safety of the train, and the lives of those aboard it. That the obstruction consisted of two rails or posts being placed within a cattle guard on the road in such a manner that the ends of either rail or post rested upon either side of the railroad track, so that the train must necessarily pass on and over the ends of said rails or posts, or be thrown from the track. That the engine passed over in safety, breaking and destroying the obstructions. That at or about the time of the discovery of the obstruction, the plaintiff was seen to rise from the ground near the place where the posts or rails were placed, and to run away. That the engineer stopped his train, and the employes of defendant, without any authority or direction from defendant, and the same being in no manner connected with the use and operation of said railway, on or about which they were employed, then and there believing, and having reasonable cause to believe, that the plaintiff had committed the said felony of maliciously obstructing the railroad track, and of obstructing and hindering the carrying of the United States mail, the same being a crime under the laws of Iowa, and of the United States, took the plaintiff into custody, using no more force than was necessary for said purpose, and took him aboard the train of the defendant, and took him to Des Moines. That said place was the nearest and most accessible point where there was a United States commissioner resident, and where the said charge against the laws of the United States might be investigated, and it being also the first place where said employes could stop, the same being the end of their route. That at Des Moines plaintiff was questioned as to his connection with the commission of said felony, and finding there was no sufficient evidence then and there to convict him of the offense, he was discharged and released, and by defendant's train conveyed to his home. That the acts of said employes were made and done in good faith, and for the

sole purpose of bringing to justice the perpetrator of said crime, and for no other purpose. That none of the acts were done by defendant or any one for it, nor were such acts in any way connected with the use and operation of the defendant's railroad. That this is the identical trespass complained of in plaintiff's petition. Wherefore the defendant asks judgment for costs of suit."

Upon a trial to a jury the plaintiff had a verdict and judgment for $100 and costs. Defendant appeals.

*Winslow & Wilson,* for appellant.

The liability of a railway corporation for the acts of its agents and employes depends upon the question whether the acts were done in connection with the use and operation of the railway. (*Howe v. Newmarch,* 12 Allen, 49; *Lyons v. Martin,* 8 Ad. and El., 512; *Allen v. London etc. R'y,* Eng. L. R. Q. B., 65; *The Little Miami R. R. v. Wetmore,* 19 Ohio, 110.) The trespass for which the principal is responsible must be shown to have been ordered, directed or authorized by him; the law will not infer his liability from the relation of principal and agent. (*Elkins v. B. & M. R. R. Co.,* 23 N. H., 276; *Thames Steamboat Co. v. Housatonic R. Co.,* 24 Conn., 40; *Rich v. Jakway,* 18 Barb., 357; *Pa. &c. R'y v. Zug,* 47 Pa. St., 480.) If the employes of a railway company are guilty of injustice towards a person passing along its track, the company is not liable. (*Brand v. Troy and Schenectady R. R.,* 8 Barb., 368; *Goddard v. G. T. R. Co.,* 57 Me., 202.) A principal cannot be compelled to pay exemplary damages for the fault of his agent. (Sedg. on Damages, 5th ed., 532; The Amiable Nancy, 3 Wheat., 546; *Wardrobe v. Cal. Stage Co.,* 7 Cal., 118; *Belknap v. B. & M. R. Co.,* 49 N. H., 358; *Mil. & Miss. R. Co. v. Finney,* 10 Wis. 388; *Hill v. N. O. etc. R. Co.,* 11, L. A. 292.) As the acts were not alleged to be negligently done, it was improper to charge as to the effect of malice. (Code, § 2727.)

*Smith & Cook,* for appellee.

Cole, J.—The evidence introduced on the trial by the

plaintiffs and defendants tended to establish the facts substantially as set out in the third count of the answer, which is contained in the statement of the case preceding this opinion. After the evidence was closed the defendant asked the court to instruct the jury as follows:

"Instruction 12. If you find from the evidence that certain persons were employed to run and operate a train upon the railroad of defendant, that these persons, while so employed, and while engaged in running a train, committed an assault and battery upon the person of plaintiff, he, the plaintiff, at the time not being a passenger upon or in any way connected with defendant or its train, but was simply a stranger or citizen passing on or along its railroad track; or that the persons so employed attempted by force to and did kidnap him, and this was done without any direction, or authority, or knowledge of the defendant other than such employment, then the defendant is not liable in damages sustained by reason of such acts." Which the court refused, as well as several others involving the same principle, and gave instructions to the effect that such acts as were specified in the answer "were in some manner connected with the use and operation of the defendant's railroad within the meaning of the statute, to the extent that the defendant would be held responsible for such acts, provided you find that they were willful and wrongful acts, under the instructions hereinafter given." The statute referred to, being Code, section 1307, is as follows: "Every corporation operating a railway shall be liable for all damages sustained by any person, including employes of such corporation, in consequence of the neglect of agents, or by any mismanagement of engineers, or other employes of the corporation, and in consequence of the willful wrongs, whether of commission or omission, of such agents, engineers or other employes, when such wrongs are in any manner connected with the use and operation of any railway on or about which they shall be employed."

In our view, the refusal to give the instructions asked, as well as the giving of that quoted, was error. Without deter-

mining whether the statute is in any respect different from the 1. RAILROADS: common law rule respecting the liability of unauthorized employers for the wrongful acts of their employes. ployes, we are clear that the acts charged, as shown by the evidence, were not in any manner connected with the use and operation of the defendant's railroad. They were wholly disconnected with the employment for which those doing the acts were engaged. The following cases sufficiently illustrate and confirm our views: *De Camp v. The Miss. & M. R. R. Co.*, 12 Iowa, 348; *Cooke v. The Ill. Central R. R. Co.*, 30 Iowa, 202; *Howe v. Newmarch*, 12 Allen, 49, 52–3–6; *Moore v. Sanborn et al.*, 2 Mich., 519–29; *Lyons v. Martin*, 8 Ad. & El., 512; *Allen v. London etc. R. R. Co.*, Eng. L. R. Q. B., 65; *The Little Miami R. R. Co. v. Wetmore*, 19 Ohio, 110; *The Thames Steamboat Co. v. The Housatonic R. R. Co.*, 24 Conn., 40, 54; *Elkins v. Boston and Maine R. R. Co.*, 23 N. H., 275; *Penn. etc. R'y v. Zug*, 47 Pa. St., 480; *Rich v. Jakway*, 18 Barb., 357.

REVERSED.