## POTTER v. THE C., R. I. &. P. R. Co.

1. **Railroads:** NEGLIGENCE OF CO-EMPLOYE. The statute rendering railroad companies liable for accidents caused by the negligence of co-employes does not extend beyond persons engaged in the business of operating railways, and is not intended to embrace all persons who are employed by the corporation, without regard to their employment.

2. **Instructions:** ISSUES SHOULD BE FULLY STATED. The failure of the court to state to the jury all the issues made by the pleadings constitutes error.

3. ———: ERROR IN: PRACTICE. Where there was error, a presumption of prejudice therefrom arises, and it will only be disregarded when the record discloses that no prejudice in fact has been caused thereby.

4. **Railroads:** NEGLIGENCE: CO-EMPLOYE. Whether or not the negligence of the superintendent of a repair shop was the negligence of the company was a mixed question of law and fact to be determined by the jury, under proper instructions of the court.

*Appeal from Dallas Circuit Court.*

WEDNESDAY, JUNE 13.

ACTION to recover for personal injuries sustained by plaintiff, a laborer in the machine shops of defendant, by being

knocked down and greatly injured by a locomotive driving-wheel which plaintiff and other employes were moving by hand. The petition stated that the accident happened through no fault or negligence of the plaintiff, but that the same was caused through the fault and negligence of the defendant, in failing and neglecting to use ordinary care and diligence in providing for the machine shop proper and suitable machinery, and in failing to use such care and diligence in providing a building of the requisite strength, convenience and appliances in use in such machine shops.

The answer set up the following defenses:

1. Denying each allegation in the petition.

2. Contributory negligence.

3. Negligence of plaintiff, without any on part of defendant.

4. That the accident occurred in a machine shop of the defendant in which there was no actual operation of railroad trains, and that the business therein conducted was entirely disconnected from the actual operation of such trains; that the accident occurred through the negligence of co-employes of said plaintiff, in hiring and selecting of whom the defendant used ordinary care and prudence to ascertain their skill and capacity, and that said co-employes were men of ordinary skill and ability for the several positions in which they were employed.

There was a trial by jury, verdict for plaintiff, judgment, and defendant appeals.

*Wright, Gatch & Wright,* for appellant.

*Nichols & Brown,* for appellee.

SEEVERS, J.—I. At a former term an opinion was announced affirming the judgment of the Circuit Court. A 1. RAILROADS: negligence of co-employes. rehearing was granted on the application of the defendant. The doubt as to the correctness of the former opinion arises under the fourth defense set up in the answer. To that, therefore, our attention will be directed.

The defendant claims, as the accident occurred in a machine

shop in which there was no actual operation of a railroad, that defendant is not liable for the negligence of the co-employes of the plaintiff. In other words, it is claimed that the statute only applies to those who are engaged in the actual operation of a railroad.

It has been held by this court that the change made in the common law by the statute extends "no further than to employes engaged in the business of operating railroads, and not to all persons employed by the corporation, without regard to their employment. * * * * Corporations owning and operating railways may engage in other business which may be within the scope of their organization, yet not at all, or very remotely, connected with the use of their roads. * * * * Their occupation does not expose them to the hazards incident to railways. The statute is not designed for their protection and benefit." *Schrœder v. C., R. I. & P. R. Co.*, 41 Iowa, 344.

In the present case the plaintiff was in no manner connected with the operation of a railroad; and whether the defendant is liable or not must depend not on the statute, but on the principles of the common law as held to exist in this State. The fact that the shop is owned and controlled by a railroad corporation is entirely immaterial. The liability of the defendant must be measured by the same rules as if the shop was owned and conducted by a natural person. The common law on this subject was declared in *Sullivan v. M. & M. R. R. Co.*, 11 Iowa, 421, to be that the employer was not liable for injuries sustained by an employe through the negligence of a co-employe.

II. In submitting to the jury the questions at issue, the court failed to submit those arising under the fourth defense, which we have just been considering. The court stated to the jury that the defendant by its answer denied all the allegations in the petition, and alleged that the negligence of the plaintiff contributed to the injury. To the instruction thus stating the issues, the defendant at the proper time excepted, for the reason " that the same omitted an issue tendered by the defendant in its answer, as

2. INSTRUCTIONS: issues should be fully stated.

made by the pleadings." There was evidence tending to prove the allegations in the answer, and the issues were sharply defined by the pleadings. The failure of the court to state fully the issues to the jury thus made, constitutes error. *De Camp v. M. & M. R. R. Co.*, 12 Iowa, 348; *Cole v. Cole*, 23 Id., 433 (442).

If the court undertakes to state the issues, it should do so fully, and give the jury such instructions in reference thereto as will enable them to apply the evidence understandingly to the principles of law contained in the charge of the court. Not only did the court fail to state fully such issues, but also failed to give the jury any directions touching the defense under consideration. The jury, however, were told that, to enable the plaintiff to recover, he must satisfy them that the injuries were caused through the fault and negligence of the defendant, as stated in the petition; thereby practically ignoring the fourth defense in the answer.

Under these circumstances, we have no hesitation in holding that the failure in the respect mentioned constitutes error.

III. Counsel for the appellee, however, insist that the error did not prejudice the defendant, because of certain special findings of the jury.

One Trayes was a machinist in the employ of the defendant at the shop, and Hayes was also an employe who had immediate charge of moving the wheel, and Crockett was superintendent of the shop. There was evidence tending to show that several driving wheels were standing against a post in the shop, one of which the plaintiff and other employes, under the direction of Hayes, undertook to remove by hand from its position to some other place. Shortly after starting with it another wheel left its position by the post and rolled after the first one, and caused the accident. The cause of its so starting was a question for the jury.

The evidence also tended to prove that the accident would not have happened if there had been provided and used a wooden axle or pole passing through the place in the wheel intended for the axle and projecting a short distance on each side.

Interrogatories were propounded to the jury and answered by them as follows:

"1. Was Hayes negligent in the manner in which he placed the wheels against the post? No.

"2. Was Hayes negligent in attempting to move the wheel by hand, instead of using a pole or temporary axle? No.

"3. Was Hayes ordinarily a competent and prudent mechanic? Yes.

"And has defendant any knowledge that he was not a competent and prudent man? No.

"4. Did his negligence in the manner of placing the wheels about the post cause the accident? No.

"5. Did his (Hayes') negligence in handling the wheel without a temporary axle, or pole, cause the accident? No.

"6. What caused the wheel that was being moved by the men in the shop to fall? Ans. By another wheel rolling against it. Was it caused by being struck by the other wheel? Yes.

"7. Was Crockett, the superintendent of the shop, a mechanic of ordinary prudence and skill? Yes.

"8. Did said Crockett use ordinary care and prudence in the general management of said shop? No.

"9. Was Trayes negligent in placing the driving wheels around the post? No.

"10. Which wheel was it that fell against the wheel that was being moved by plaintiff and the other employes? The wheel that was standing on the west side of the post.

"11. Did the failure to use a pole or temporary axle on the wheel in question cause or contribute to the accident to plaintiff? Yes, if reference is being had to the wheel being moved by the men."

It will be observed the jury have found there was no negligence on the part of Hayes or Trayes in placing the wheel against the post, nor on the part of Hayes in attempting to move the wheel by hand instead of using a pole or temporary axle. For aught shown by the special findings, Trayes or other employes may have been negligent in failing to have a temporary

axle at hand. It is not found that the negligence of Crockett in any way contributed to the accident. The cause of the same, as found by the jury, was the "failure to use a pole or temporary axle." At the same time it is found that there was no negligence in attempting to handle the wheel without such pole or axle. In what, then, did the negligence consist? Necessarily, under these findings, in the failure of some one to provide a pole or temporary axle. It is disclosed by the evidence that any ordinary pole or wooden stick of suitable size would have been sufficient for the purpose. Many such without doubt were in the shop or within convenient reach of the persons engaged in moving the wheel. It could not have been the repair shop of a railroad without at least this. There was nothing in its construction that required skill or experience, nor would the expense of procuring it been at all onerous. We are constrained to believe that such an instrument is not machinery or appliances which a failure to furnish by the defendant constituted negligence. No ordinarily prudent and careful person could be charged with negligence by reason of a failure to furnish and have at hand when required such an instrument. If this is not true, then the most extraordinary care and circumspection would in all cases of like character prove insufficient as a protection against negligence. It was the duty of some of the employes to have procured such a thing, and if, as found by the jury, the failure to furnish such an axle caused the accident, it must follow such failure was that of a co-employe. The findings as a whole are peculiar and hardly consistent with each other.

If the issue made in the answer had been stated to the jury and appropriate instructions given in reference thereto, and the same findings made, we are not prepared to say the defendant could have justly complained. But the question before us is very different. An undoubted error has been committed for which the cause must be reversed unless it satisfactorily appears from the record the error has been cured or that it was not prejudicial.

Where there has been error a presumption of prejudice arises, and if the record fails to satisfy us that no prejudice

has in fact been caused then such error cannot be disregarded. This should not be left in serious doubt. Now

<small>3. ——: error in: practice.</small>

the jury have found a general verdict for the plaintiff, thereby finding negligence on the part of the defendant. They have found specially that Crockett, the superintendent, did not use ordinary care in the general management of the shop. They may have, therefore, based the general verdict on the want of care on the part of Crockett in not procuring a temporary axle. If this be true, and certainly it cannot be said it is not, then the failure of the court to fully state the issues with proper instructions was without doubt prejudicial error.

But it is said as Crockett was the superintendent of the shop his negligence was the negligence of the .defendant.

<small>4. RAILROADS: negligence: co-employe.</small>

This ordinarily, if not in all cases, is a mixed question of law and fact which, under proper instructions, must be determined by the jury. The difficulty here is, this question never was properly submitted to the jury, and we are unable from the record before us to determine as a matter of law that defendant is bound by the negligence of Crockett, conceding there are officers and employes for whose negligence the defendant would be bound.

IV. Many other questions have been discussed by counsel, but a careful examination of the record fails to satisfy us that any other error has been committed by the court below. The length of this opinion forbids an examination of the other errors assigned in detail.

REVERSED.