## BENTON v. THE C. R. I. & P. R. Co.

1. **Evidence**: RAILROADS: DAMAGES FOR PERSONAL INJURY. Evidence as to the state of health of the mother of a minor killed on a railroad is not admissible in an action by her to recover damages from the railroad company.

2. **Instructions**: ISSUES SUBMITTED TO JURY. Instructions should restrict the jury to the issues on which the case has been tried.

3. **Railroads**: PERSONAL INJURY: TRESPASSER. Where the plaintiff's intestate was a trespasser in a car of the defendant company, where he was discovered and ordered out by the conductor of the train, and in attempting to obey the order he fell under the cars and was run over and killed, it was held that the fact of his being a trespasser was not material in an action to recover for his death on the ground of the defendant's negligence.

4. ——: ——: MEASURE OF DAMAGES. The deceased being a minor, the measure of recovery of his surviving parent for his death was the present value of his probable earnings during the remainder of his minority, less the probable cost of his maintenance during the same time.

5. ——: ——: CONTRIBUTORY NEGLIGENCE. Whether the deceased, a boy eleven years of age, was guilty of contributory negligence in attempting to climb out of the car while in motion, in obedience to the order of the conductor, was a question for the jury under all the evidence.

*Appeal from Poweshiek Circuit Court.*

THURSDAY, MARCH 24.

THE plaintiff is a widow, and the surviving parent of one Silas Benton, who was killed by being run over by one of the defendant's trains. The deceased at the time of his death was about eleven years of age. The evidence shows that he, with several other boys of about his age, entered an empty freight car which constituted one of a train which had been made up at the town of Brooklyn. The train when the boys entered the car was about ready to start. Their object in entering the car appears to have been, as one of the boys expressed it, "to steal a ride to Victor." Soon after they entered the car they were discovered by the conductor, who

ordered them out. As to what, precisely, he said in giving the order there is some conflict in the evidence, but there was evidence tending to show that the order was a rough one. There was some conflict in the evidence as to whether at the time he gave the order the train was in motion, but we think it tended strongly to show that it was. The only means of escape from the car was a window in the end. It does not appear that the car had a platform, and the deceased in attempting to crawl out through the window and jump to the ground lost his hold and fell upon the track, and was run over and killed. The plaintiff avers that the defendant was negligent in compelling the deceased to leave the car while the train was in motion. She brings this action as his surviving parent to recover for loss of his services.

The defendant denies all negligence upon its part, and avers that the accident occurred through the negligence of the deceased. There was a trial by jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*H. S. Winslow* and *Matt Phelps*, for appellant.

No appearance for appellee.

ADAMS, CH. J.—I. The defendant assigns as error the admission of certain evidence. A witness was allowed to testify, against the objection of the defendant, that the plaintiff was not in good health. The plaintiff's object, of course, in introducing this evidence was to enhance the amount of her recovery, but we think it was not admissible, for that or any other purpose. She was entitled to recover, if she could recover at all, to the extent of her pecuniary loss, and that only. It would be too much to presume that the earnings of the deceased would have been greater because his mother was not in good health. In *Simonson, Adm'x, v. C. R. I. & P. R. Co.*, 49 Iowa, 88, an action brought to recover for damages to the estate of deceased, it was held that evidence was not improperly admitted

1. EVIDENCE: railroads: damages for personal injury.

tending to show that the deceased was dependent upon his earnings. It had been shown that the deceased had already formed habits of industry, and it was thought the jury was entitled to consider his dependent condition in estimating the probable continuance of his habits. But it would be going too far to hold that the evidence as to the plaintiff's health in the case at bar was admissible upon any such ground.

II. The court gave an instruction as follows: "Before the plaintiff can recover she must have satisfied you by a preponderance of the testimony that her minor son was injured by a train on the defendant's road, and that such injury was in consequence of the neglect of the agents or employes of the defendant, *or their willful wrongs.*" The defendant complains that the instruction presents an issue to the jury which does not exist in the case.

2. INSTRUC-TIONS : issues submitted to jury.

There is certainly neither averment nor proof that the defendant had the slightest intention of injuring the deceased. The plaintiff's claim rests solely upon the defendant's negligence. A suggestion in the instruction that there was an issue in regard to the defendant's willful wrong was possibly not without prejudice, and the instruction, it appears to us, is objectionable upon that ground. It was the defendant's right that the jury should be restricted to the issues upon which the case had been tried. *DeCamp v. M. & M. R. Co.*, 12 Iowa, 348; *Cooke v. Ill. Cent. R. Co.*, 30 Iowa, 202; *Brink v. Morton et al.*, 2 Iowa, 411.

III. The court gave an instruction in these words: "In considering the question whether the deceased was guilty of negligence which contributed to his injury, you should take into consideration all the circumstances—the age of the decedent, his knowledge of the manner of operating and making up the trains; whether or not the train was in motion, and if in motion the rate of speed at which it was moving; whether the decedent knew that the train had not started to leave the station, and would stop at

3. RAILROADS: personal inju-ry: trespasser.

the switch, where he would have an opportunity to get off in safety; the construction of the car, and the facilities for and danger of getting off while the train was in motion, as well as all the circumstances."

. The defendant complains of the instruction because, while it enumerates many circumstances which the jury was entitled to consider in determining whether the deceased was guilty of contributory negligence, it does not expressly mention the circumstance that the deceased was a trespasser. The defendant places great stress upon this circumstance, and contends that if the instruction was not directly calculated to divert the attention of the jury from it, it did not give it due importance, and was for that reason objectionable.

As the instruction directed the jury to consider all the circumstances, we are not prepared to say that it could be held to be erroneous, even if the circumstance that the deceased was a trespasser were as important as the defendant contends that it is. But in the view which we take of the case that circumstance was not of great importance. The deceased at the time he was discovered in the empty freight car does not appear to have been in a place of immediate danger. If he had been allowed to ride there, or had been removed before the cars were put in motion, it does not appear that he would have been exposed to much danger, certainly not to the accident which happened. The danger arose, and the accident happened, by reason of something which transpired after the trespass had been committed, and, what is especially significant, *after the boy had been discovered by the conductor in the car.* The proximate cause of the boy's injury was not the entering of the car. It was either his carelessness in attempting to escape in the manner he did while the car was in motion, or else it was the carelessness of the company in causing him to do so. And this would be so even if we should conclude that he exposed himself to danger by merely entering the car.

In *Morris v. C. B. & Q. R. Co.*, 45 Iowa, 29, it was held

that the defendant could not escape liability by reason of the fact that the plaintiff exposed himself to danger, because the defendant was guilty of negligence after the exposed condition of the plaintiff was discovered, and the defendant's negligence, therefore, became the proximate cause of the injury. As a further illustration of the same doctrine, see *Weymire v. Wolfe*, 52 Iowa, 533. In our opinion the question of the boy's contributory negligence was fairly submitted by the instruction, notwithstanding it did not expressly call attention to the fact that the boy had been guilty of trespass.

IV. The defendant asked for an instruction in these words: "If you find for the plaintiff in any sum, then you

4. ——: ——: will allow her only a fair compensation for the
measure of
damages.      loss of service which she has sustained, as shown by the evidence, taking into consideration the age, health and habits of the deceased, his capacity for labor, the proba‐ bility of his living to the age of majority, and the fair and probable cost of his clothing, maintenance and care, and such matters as are inseparably connected with his bringing up by his mother." The court refused to give this instruction, but instructed the jury that the amount which the plaintiff would be entitled to recover, if anything, would be the probable amount which the deceased would have earned during his minority, less the expense of his keeping and maintenance. The ruling of the court upon the measure of damages is assigned as error.

In our opinion the instruction asked by the defendant was correct, and that given by the court was not. Evidence was introduced tending to show what the deceased's services would probably have been worth per month during the different years of the remaining period of his minority. The estimated amount of his probable earnings differs in different years, being much the greater during the latter part of his minority. Now, under the rule given, the jury was allowed to aggregate the amount proven, and give a present verdict for that amount less the probable cost of maintenance, etc., as if the amount

which the boy would have earned would have been earned all at one time, and immediately, if he had not been killed. It is evident that the court erred in excluding from the jury the consideration as to the time of the verdict as related to the time when the services would have been rendered.

V.   The defendant asked for an instruction in these words: "If you find that the plaintiff's minor son was wrongfully *5. ——: ——: contributory negligence.* upon a freight car of the defendant, that while such car was in motion he was ordered off by defendant's employes, but that this was all that was said or done, and no attempt by gesture or otherwise was made to enforce the order; that at the time the order was given by such employes they were not on the train, and could not have enforced compliance therewith until the car should be stopped, and such minor knew this, and he notwithstanding attempted to alight while it was moving, and you find that this was unnecessary, and so known to him to be, and that by reason thereof he fell and was injured, then the defendant was not liable, and you will so find." The court refused this instruction, and the refusal is assigned as error.

The circumstances mentioned in the instruction were proper to be considered by the jury in determining the question as to whether the boy was guilty of contributory negligence. While the order to leave the car appears to have been given with the view of immediate obeyance, it was most clearly improper for the boy to attempt to obey it immediately, and while the train was in motion, and especially as the only means of escape appears to have been through a window at the end of the car. Had the deceased been an adult there would have been much ground for contending that an attempt to escape in such a way at such a time would have conclusively evinced contributory negligence. But the fact that the deceased was a child only eleven years of age is a most important consideration. It is not probable that he would have so promptly surrendered his chance of riding and encountered such a peril except with the view of escaping what

seemed to his mind a greater peril, from falling into the hands of the company. It is not, we think, for the company to say, if the train was in motion when the order was given, that the imprudence of the boy was so great in yielding prompt obedience to the order that the company ought to be excused from giving such an order, unless the age of the boy was such that he might reasonably have been expected to refuse. Possibly the boy, young as he was, had such knowledge and should have had such presence of mind as to have remained in the car while in motion, notwithstanding he had been ordered to leave, but we cannot say as a matter of law that if he had all the knowledge supposed in the instruction, and the other circumstances had been as supposed, that he was necessarily guilty of contributory negligence. In 37 Cal., 400, a boy sixteen years of age was ordered by the conductor of a train to leave a car while in motion. He obeyed the order, and was injured. The court held that they could not say judicially that the act was voluntary, and that it must be left to the jury to say whether he did not leave on compulsion.

If in the case at bar the boy could not reasonably have been expected to refuse prompt obedience to the order, and the train was in motion when the order was given, then we think that the order was wrong in view of the circumstances, and that the boy was not necessarily guilty of contributory negligence. In refusing the instruction asked we think that the court did not err, but for the errors before pointed out the judgment must be

REVERSED.

Mr. Justice SEEVERS concurs in the reversal of the judgment upon the grounds stated, but expresses no opinion upon the other rulings.