WILLIAM H. WOOD v. DETROIT CITY STREET RAILWAY COMPANY.

*Negligence—Case and trespass for injury.*

1. It is gross negligence to drive upon a street railway track in front of an approaching car without looking around until the car runs into one's vehicle; and it is a wrong not only to the railway company but to persons riding in or waiting for the car, to wilfully obstruct its progress in this way when there is nothing to hinder one from getting off the track.

2. In trespass against an employer for an injury caused by the act of his servant, it is for the jury to decide whether the act was wilful or careless; if wilful, the employer would not be answerable.

Error to Wayne. (Chambers, J.) Jan. 11.—Jan. 15.

CASE. Plaintiff brings error. Affirmed.

*John G. Hawley,* for appellant, claimed that the case should have been submitted to the jury, and cited *Chic. & N. E. Ry. v. Miller* 46 Mich. 532; *Cleveland v. Newsom* 45 Mich. 62; *Teipel v. Hilsendegen* 44 Mich. 461.

*John C. Donnelly* for appellee. Where the act of a driver in running into a person is not in the course of his employment it is wilful and malicious, and his employer is not responsible. *Moore v. Sanborn* 2 Mich. 519; *Smith v. Webster* 23 Mich. 298; *Harris v. Nicholas* 5 Munf. 483; *Ill. Cent. v. Downey* 18 Ill. 259; *Wright v. Wilcox* 19 Wend. 343; *Vanderbilt v. Turnpike Co.* 2 N. Y. 479.

COOLEY, C. J. This is an action for personal injuries alleged to have been caused by the driver of the defendant negligently causing his car to run against the vehicle of the plaintiff, as he was driving along one of the streets of Detroit.

The plaintiff was sworn as a witness in his own behalf, and he also called the driver as his witness. After hearing

both stories the circuit judge ruled that there was nothing to go to the jury, and directed a verdict for the defendant. The plaintiff brings error.

According to the plaintiff's story he was driving a one-horse vehicle along the street on one side of the defendant's tracks when he encountered obstructions and turned towards the tracks so that his right-hand wheels were over the rails. He did not look behind him to see if a car was coming until he felt something strike the rear wheel. He then looked around and saw it was the street car, and the driver, as he says,

"motioned me with one hand to go on or he would knock a wheel off me. I laughed at him and said, 'You better not knock off more than one or two of them or somebody will have to pay for them.' He kept on motioning to get out of the way. I told him I could not get over those wagons, and I was not going to try, but I would get out of his way just as soon as ever I could. I kept on. There was a number of wagons standing on that side of the street, loaded with brick, and three or four or five of them with the rear ends of the wagon out on the street further than the fore end, which brought the rear end of these wagons very near the car track, so that I had to get with the wheels on the right-hand side of my wagon partially onto the track, and some places it got off the track, and some places I had to get right out pretty well over the track."

Up to this point the plaintiff was not only in fault, but he was the only party in fault. He had driven upon the track in front of an approaching car without looking around until the car had come in collision with his vehicle. This was gross carelessness on his part. But further on his evidence shows that the other side of the track was entirely unobstructed, and that there was nothing to prevent his crossing at once and allowing the street car to proceed on its way. The car had come to a stand-still on the first collision, and the plaintiff's conduct in maintaining his ground and responding to the driver's request that he should get out of the way by a laugh and a threat, was not only a wrong to the defendant but also to any persons who might then be riding in the car or awaiting its coming.

But the plaintiff further testified that as he was leaving the track the driver called out: "God damn you, I can smash you anyhow," and that he let go the brake and the car almost instantly struck the plaintiff's wagon and threw it over, inflicting the injury complained of. The inference from this might be that the driver purposely and in the anger excited by their altercation, ran his car against the plaintiff's wagon; and if the action had been brought for the trespass, it might become necessary to decide whether under cases like *Wright v. Wilcox* 19 Wend. 343 the defendant would be responsible. In that case it was decided that where the servant wilfully drove his master's conveyance over a third person and injured him, the trespass was that of the servant, for which the master was not liable. The case was followed in *Richmond Turnpike Co. v. Vanderbilt* 1 Hill 480: s. c. in error, 2 N. Y. 479, where the master of a vessel had purposely run the vessel into another; and in *Illinois Cent. R. R. Co. v. Downey* 18 Ill. 259, where the engineer upon a railroad purposely run his engine over live stock. Also in *DeCamp v. Railroad Co.* 12 Iowa 348, and many other cases. The general principle that the master is not liable for his servant's trespasses is familiar, and was recognized by this Court in *Chicago &c. Ry. Co. v. Bayfield* 37 Mich. 205. And if it were important to determine whether the injury was one purposely inflicted and not one resulting from carelessness, the question would no doubt be one to be submitted to the jury. *Rounds v. Delaware, &c. R. R. Co.* 64 N. Y. 129.

But this is an action in case, and the ground on which it is sought to charge the defendant is that its servant negligently drove the car against the plaintiff's vehicle. We are then to see whether, if negligence on the part of the driver is made out, or there is any evidence tending to prove it, the plaintiff himself, on his own evidence, does not appear to have been at least equally negligent. And we think he does. He knew very well he was in the driver's way, and he had had ample time and opportunity to get out of danger if so disposed. That he was not disposed to allow the car

to go on until it suited his pleasure to do so, is quite apparent; and there is abundant reason in his evidence for believing that he was purposely annoying the driver and delaying the car. If so, he cannot complain of the consequences.

The driver's testimony is quite different from the plaintiff's. He testified that when he first signalled the plaintiff to get off the track, the plaintiff made no effort to do so. The driver told him to get off or he would be run into, and he replied, 'Run and be damned; he had as much right to the track as the driver had, and would get off when he pleased.' He drove right along on the track, looking back and scolding the driver. Finally he turned off, and the car moved on, but he almost immediately turned again towards the track sufficiently to be struck by the car. If this evidence is true the contributory negligence of the plaintiff was plain and very gross, and he must bear the consequences. Whether, therefore, we believe the plaintiff or the driver, the ruling of the circuit judge was well warranted.

The judgment must be affirmed with costs.

The other Justices concurred