JOSEPH MESITE *vs.* THE CONNECTICUT COMPANY.

First Judicial District, Hartford, October Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The plaintiff, in an action for negligence, is bound to show that he made a reasonable use of his own senses and faculties to avoid the danger, that is, such use of them as an ordinarily prudent man would have made under like circumstances; and this burden is not satisfied by evidence which affords a basis for nothing more substantial than a mere guess or surmise. Under such circumstances the plaintiff cannot fairly complain if he is nonsuited.

Argued October 5th—decided December 17th, 1909.

ACTION to recover damages for injuries to person and property, alleged to have been caused by the negligence of the defendant, brought to the Superior Court in Hartford County and tried to the jury before *Robinson, J.;* judgment of nonsuit, and appeal by the plaintiff. *No error.*

*Joseph L. Barbour* and *Salvator D'Esopo,* for the appellant (plaintiff).

*John T. Robinson* and *Francis W. Cole,* for the appellee (defendant).

PRENTICE, J. Franklin Avenue, in the city of Hartford, is a street somewhat removed from the business center, about fifty feet wide between curbs, and macadamized and fitted for travel with teams its entire width. A double line of trolley-tracks runs through the middle of it, leaving about eighteen feet on each side between track and curb. The plaintiff was driving what he termed a "pretty fast" horse, at what he described as a "good pace," southerly along the west or right-hand side of the street. At the time of the accident the street in its vicinity was, as far as appeared, entirely free of vehicles, travelers, or objects to interfere with the free course of travel, except a trolley-car which was proceeding, on the westerly of the two tracks, in the same direction in which the plaintiff was going. The car was ahead of the plaintiff until it stopped at a street corner to let off several passengers. At this time the plaintiff passed the car, which he observed, and proceeded on his way. He was at this time traveling in about the middle of the right side of the street and at a safe distance from the tracks. Several hundred feet further on his wagon was struck from behind by the car, which had given no warning signal, and the injuries for which the action was brought were thereby occasioned. During this interval of time, at some point near to the point of accident,

and by some process of deviation from his previous line of travel for which neither his destination nor other cause furnished any reason, he had driven into close proximity to, or upon, the tracks, so that the car in its passage hit him, as stated. The pertinent circumstances attending this change of course, as, for instance, whether it was sudden and abrupt, or otherwise, and whether or not it preceded the collision by more than an instant or two of time, were left by the evidence shrouded in uncertainty. No testimony was presented which furnished a reasonable basis for a conclusion as to these all-important matters. There might be speculations and surmises, but the evidence furnished a foundation for nothing more substantial.

It appeared, however, upon the admission of the plaintiff, that he, after passing the car, paid no further attention to it, that he never thereafter looked to discover where it was, and that he voluntarily drove into the position of danger in which he was when the collision occurred, in entire disregard of his situation and of the on-coming car, which he knew was following him.

This being the situation presented by the plaintiff's case, the court did not err·in granting a nonsuit. The burden of proving the alleged negligence of the defendant, and his own exercise of due care, rested upon the plaintiff. That burden could be sustained only by the presentation of proof which furnished a more substantial basis for a conclusion than a mere guess, surmise, or conjecture, and in so far as the issue as to contributory negligence was concerned, must have included proof that the plaintiff made a reasonable use of his senses and faculties, that is, such use of them as an ordinarily prudent man would make under similar circumstances. *Fay* v. *Hartford & Springfield Street Ry. Co.*, 81 Conn. 330, 335, 336, 71 Atl. 364; *Morse* v. *Consolidated Ry. Co.*, 81 Conn. 395, 399, 71 Atl. 553. Here the plaintiff's case entirely failed, at least as respects his own exercise of due care. It is unnecessary

to inquire whether it also failed, as the defendant claims it did, to establish a prima facie case of negligence on the part of the defendant.

There is no error.

In this opinion the other judges concurred.