RICHARD McKEON *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, New Haven, January Term, 1910.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The law lays down the same rule of duty for the motorman of a street-railway car and the driver of any other vehicle approaching the tracks, viz., the exercise of ordinary care. The latter has no right to calculate close chances as to his ability to reach and cross the track ahead of the car, and throw the risk of injury from a collision on the street-railway company; and if he does so and is injured, he has no case on which he is entitled to go to the jury.

Argued January 19th—decided February 3d, 1910.

ACTION for injuries received from a collision between a wagon and a street-car, brought to the Court of Common Pleas in Fairfield County and tried to the jury (*Scott, J.*). At the conclusion of the plaintiff's testimony a nonsuit was granted on the ground that there had been no sufficient evidence of due care on his part. A motion to set the nonsuit aside was subsequently denied. *No error.*

*William H. Comley, Jr.*, for the appellant (plaintiff).

*Joseph F. Berry*, for the appellee (defendant).

BALDWIN, C. J. The evidence introduced by the plaintiff, taken in the most favorable light for him, with such inferences as might justly be drawn by the jury, would have justified them in finding the following facts established:—

The plaintiff was an experienced teamster in the employ of a lumber company. On October 5th, 1908, at about a quarter past six o'clock, before the electric lights upon the street had been lighted, he was driving

a reach wagon, drawn by a heavy draft-horse, on East Washington Street in Bridgeport, to the lumber-yard. As he came opposite the gateway he turned to go in. To do this it was necessary to cross a double track street-railway. The street was about fifty feet wide, and the tracks occupied about twenty feet of the middle. As he drove across them, his horse walking quickly, he saw a trolley-car approaching, but not very fast, about a hundred feet away. He watched it till he saw it was getting too close for safety and then whipped up his horse, but the car struck the hind wheel of the wagon. When he turned toward the gateway, he relied on the motorman's slowing up. The car came around a curve at the point where he first saw it, running with little noise, and gave no signal of warning. It ran fifty feet, after the collision, before coming to a stop.

The motorman of a street-car, on approaching a cross-street on which a wagon is being driven toward the railway tracks, is under no greater duty to slow up or stop than is the driver of the wagon. The latter has no right to calculate close chances as to his ability to reach the track before the car, and throw the risk of injury on the party operating it. *McCarthy* v. *Consolidated Ry. Co.*, 79 Conn. 73, 76, 63 Atl. 725. There is ordinarily less reason for expecting the speed of a street-car to be reduced, in order to avoid danger of a collision with another vehicle, between, than at, highway crossings. *Wood* v. *Detroit City Street Ry. Co.*, 52 Mich. 402, 18 N. W. 124, 50 Amer. Rep. 259. The rule of duty is, however, the same: the use of ordinary care on the part of whoever is in control of each vehicle.

The plaintiff, although he saw the car coming, did nothing to avoid a collision, except to try to increase the speed of his horse, when it was too late to accomplish it. The car was not going very fast, but it had

not far to go to reach a point of danger. If the rate of speed was no more than three miles an hour (and the only witness, who tried to estimate its speed in figures, put it at ten miles an hour), passing over a hundred feet would occupy less than half a minute. When the plaintiff, under such circumstances, drove his horse across the tracks into the gateway, trusting solely to the slowing up of the car, he had no case on which he was entitled to go to the jury. *Mesite* v. *Connecticut Co.*, 82 Conn. 403, 74 Atl. 684.

There is no error.

In this opinion the other judges concurred.