F. HOWARD BRAITHWAITE *v.* BERNARD J. LEE ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued October 6—decided November 1, 1938.

*James E. Murphy* and *Isadore L. Kotler,* with whom, on the brief, was *Francis J. King,* for the appellant (plaintiff).

*David Goldstein,* with whom was *John T. Cullinan,* for the appellees (defendants).

JENNINGS, J. This was an action for one-half the profits resulting from the sale of glassmaking machinery. From verdict and judgment for the defendants, the plaintiff appealed. He assigns as error the refusal of the trial court to charge as requested and also takes exception to the charge as delivered in the respects hereinafter noted.

The finding discloses that the plaintiff offered evidence to prove and claimed to have proved the following facts: The plaintiff and defendant (unless otherwise indicated, defendant refers to the named defendant) were employed by Jenkins Brothers, the former as sales manager of the rubber division and the latter as vice-president and general manager. One of the products of the rubber division was jar rings which were sold under contract to Ball Brothers of Muncie, Indiana, as well as to others. When Ball Brothers indicated their intention to cancel this contract, plaintiff and defendant made a survey of the glass industry on behalf of Jenkins Brothers with a view to the manufacture of glass jars. As a result of this survey, the defendant obtained an option on the Moorsehead glass-

making machine in England for the benefit of Jenkins Brothers. On October 23, 1934, the latter decided not to enter the glass business. On the following day, plaintiff and defendant, in an interview with the president of Jenkins Brothers, were given permission to dispose of the rights of the Moorsehead machine on their own account. Immediately upon leaving the office of the president, the plaintiff and defendant entered into an express agreement to engage, either individually or through a corporation to be formed, in efforts to sell or dispose of these rights in this country for their mutual benefit, and to share the profits therefrom upon a fifty-fifty basis. A certificate of incorporation of "The International Glass Associates, Inc.," naming the plaintiff, the defendant and another as incorporators, was duly filed and recorded but no shares of stock were issued nor was a certificate of organization filed. From October 24, 1934, to July, 1935, plaintiff and defendant engaged in extensive efforts to consummate the sale. Some of the negotiations were carried on in the name of The International Glass Associates, Inc. The operation was successfully terminated in July, 1935, and the defendant realized a net profit of $73,917.

Thereafter the plaintiff orally claimed compensation from the defendant, stating that he was willing to accept one-third of the commission. On December 20, 1935, after deliberation, the defendant wrote the plaintiff inclosing a check for $1000 to compensate him for contacting with the defendant some of the people who were interested in the purchase of the machines for which the defendant had the selling rights. This was rejected by the plaintiff. On June 8, 1936, after he had knowledge that this suit had been instituted, the defendant transferred his stock in Jenkins Brothers to his wife, without compensation. The claims of proof

of the defendant are immaterial to the questions raised by this appeal.

The complaint is in three counts but the only portion relevant to the present inquiry is contained in two paragraphs of the first count. They read as follows:

"Thereupon the plaintiff and the defendant Bernard J. Lee mutually agreed to exercise said options and to engage in the glass business or to dispose of said options for the equal and mutual advantage of the plaintiff and the defendant Bernard J. Lee. . . .

"The defendant Bernard J. Lee has refused to pay to the plaintiff one-half the amount realized on the sale of said machine and feeder, less the expenses aforesaid, although the plaintiff is entitled to said sum."

The principal claim of error on this appeal results from the charge of the court that the plaintiff, in order to recover, must prove the express contract alleged and claimed to have been proved by him and its refusal to charge, as requested, that he might recover the reasonable value of his services on an implied contract, in accordance with the provisions of § 32, Practice Book, p. 29.[1]

The reason given by the trial court in its charge for refusing to comply with this request was that "there are not sufficient facts in this case to warrant a judgment for the plaintiff upon that theory." This was sound. There can be no recovery for the reasonable value of services rendered unless evidence has been

---

[1] Sec. 32. SALES; VARIANCE. In an action for goods sold at a reasonable price, if the proof is that they were sold at an agreed price, the plaintiff shall not be precluded, on the ground of a variance, from recovering such agreed price; and in an action for goods sold at an agreed price he may recover a different or a reasonable price, if the proof fail to establish the price alleged; and the like rule shall prevail in actions for work done, materials furnished, or use and occupation of land.

introduced as to what that reasonable value was. There is no suggestion in the plaintiff's claims of proof that he attempted to prove any such reasonable value. Damages are an essential element of the plaintiff's proof before he is entitled to recover. *Barlow Brothers Co.* v. *Gager,* 113 Conn. 429, 442, 155 Atl. 628. They must be proved with reasonable certainty. *Bushnell* v. *Bushnell,* 103 Conn. 583, 596, 131 Atl. 432; *Mansfield* v. *Shaw,* 112 Conn. 646, 651, 153 Atl. 775. The plaintiff, in his brief, relies upon the letter of the defendant accompanying the check for $1000. While this might be evidence of an expectation upon the part of the defendant to compensate the plaintiff, it is no evidence as to the value of the services. The plaintiff also claims that, under the finding, the equivalent of one-half the commissions or, at least, one-third (in accordance with a statement claimed to have been made by him) constituted a basis from which the jury could have calculated the reasonable value of his services. Neither would have that effect. *Schmidt* v. *Schaub,* 115 Conn. 208, 212, 161 Atl. 98. Tested by the reverse of the existing situation, if the court had charged on quantum meruit and the plaintiff had had a verdict, it could have been based on nothing more than a guess, surmise or conjecture. Such elements furnish no basis for a verdict. *Mesite* v. *Connecticut Co.,* 82 Conn. 403, 405, 74 Atl. 684.

The plaintiff requested the court to charge with reference to the effect of the transfer of stock by the plaintiff to his wife as follows: "If you find that a transfer of stock was made by the defendant, Bernard J. Lee, to his wife, without consideration, shortly after said defendant had knowledge of the institution of this suit, an inference may be drawn by you that in view of the character of the transfer and the surrounding

circumstances, that said transfer was prompted by apprehended liability and indicates a consciousness on the part of the defendant, Bernard J. Lee, of liability for damages in this action." The court charged with reference to this matter as follows: "Now the plaintiff claims that the transfer of this stock on the part of the defendant indicates a consciousness on the part of the defendant that he at the time was indebted to the plaintiff. Whether or not it constitutes a consciousness of indebtedness to the plaintiff is a question of fact for you to determine in view of all the circumstances and what reasons you may find the defendant had for so transferring the stock." As stated in *Radwick* v. *Goldstein,* 90 Conn. 701, 706, 98 Atl. 583: "The court is under no duty at any time to charge in the language of requests. Its duty is performed when it gives instructions calculated to give the jury a clear comprehension of the issues presented for their determination under the pleadings and upon the evidence, and suited to their guidance in the determination of those issues." Applying this test to the charge as given, it is abundantly clear that this issue of fact was left to the jury under adequate instruction and, as stated in the last quotation, the plaintiff was entitled to nothing more.

With reference to the filing of the certificate of incorporation of The International Glass Associates, Inc., the court charged that it "was never legally entitled to engage in any business" and this is assigned as error. Whether or not this corporation was entitled to engage in any business was of no importance. The effect of the abortive attempt to form the corporation on the plaintiff's claim that an express contract existed was carefully explained to the jury and the decision properly left to them as a question of fact. The only

other instruction assigned as error related to damages and, in view of the defendant's verdict, is not discussed. There is no error.

In this opinion the other judges concurred.