[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The present action has been brought to recover damages for personal injuries sustained by the minor plaintiff when she was sledding in the rear of a house, in Norwalk, Connecticut, when she slipped on the snow and landed on the defendant's property. The plaintiff claims to have sustained injuries when she struck a dangerous condition located on the land of the defendant in the form of reinforced spikes rising from a river bed. The First and Third Counts of the complaint allege causes of action in negligence on behalf of the minor plaintiff and, on behalf of her father, for reimbursement for medical bills paid as a result of the injuries. The Second and Fourth Counts of the complaint purport to set forth causes of action in nuisance. The defendant has moved to strike the Second and Fourth Counts on the grounds that they fail to state a cause of action in either public or private nuisance.
"(I)n order to prevail on a claim of nuisance, a plaintiff must prove that, (1) the condition complained of had a natural Tendency to create danger and inflict injury upon person and property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; (and) (4) the existence of the nuisance was a proximate cause of the plaintiff's injuries CT Page 2937 in damages." State v. Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177,183 (1987). In addition to proving that the condition itself constituted a nuisance, a plaintiff must also establish a cause of action either under a public or a private nuisance. "A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land. `In the modern authorities (private nuisance) includes all injuries to an owner or occupier in the enjoyment of the property of which he is in possession, without regard to the quality of the tenure'. . . In contrast, `nuisances are public where they violate public rights, and produce a common injury.' and where they constitute an obstruction to public rights, `that is, the rights enjoyed by citizens as part of the public'. . . . A public nuisance is one that injures the citizens generally who may be so circumstanced as to come within its influence.'" Couture v. The Board of Education, 6 Conn. App. 309, 314-315 (1986).
In the present case there is no basis for an assertion that the plaintiff was injured while in the exercise of a public right and therefore, if a cause of action in nuisance exists, it exists in the field of private nuisance. The complaint in the present action does not allege that the plaintiff was sledding on property owned by either herself or her father. However, it appears from a comparison of the complaint with the summons that the plaintiff and her father have the same address. Accordingly, the court will assume, for the purpose of this motion, that plaintiff was injured while sledding on the property of her father. Giving the phrase "injured in relation to a right which he enjoys by reason of . . . an interest in land" the broadest possible construction, the injuries received by the plaintiff in the present case could conceivably come within that definition. Such a construction is indicted by such as Wolfe v. Rehbein, 123 Conn. 110n (1937) in which the court approved a charge that a nuisance could be found where a minor plaintiff was injured while playing on a lumber pile on the defendant's property near the boundary line between property of the defendant and that of the plaintiff. However, such a result was criticized by our Supreme Court which noted that the application of legal principals will be clarified by restructuring the doctrine of private nuisance to its proper field. Webel v. Yale University,125 Conn. 15, 525 (1939).
Accordingly, the court holds that the plaintiff was not injured in relation to a right which she enjoyed by reason of an interest in land within the meaning of the private nuisance theory. Accordingly, the motion to strike the Second and Fourth Counts of the complaint is hereby granted.
RUSH, JUDGE