## FANCHER & FOOT *vs.* GOODMAN.

On the 19th of June, 1857, the plaintiffs bought of the defendants a quantity of sheep, for the sum of $168, paying $50 of the price down, and agreeing to pay $50 on the 22d of that month, and to take the sheep away and pay the balance of the purchase money, within ten days from the day of sale. The plaintiffs did not pay the $50 on the 22d of June, and did not call for the sheep, and offer to pay the balance of the price, within ten days. On the 7th of July the defendant told the plaintiffs that the sheep were sold to another person, and refused to let the plaintiffs

Fancher *v.* Goodman.

have them.  In an action to recover back the $50 paid by the plaintiffs at the time of the sale, and damages, *Held* that if the defendant meant to enforce the contract, he should have given the plaintiffs notice that if they did not take the sheep, and pay the balance of the purchase money by a specified time, he should sell the sheep, and look to the plaintiffs for any deficiency.  That having resold the sheep, without giving such notice, the defendant *rescinded* the contract *in toto*, and lost all right of action against the plaintiffs for their breach of it, and became liable to refund to them the $50 paid on it.

*Held*, therefore, that the plaintiffs were entitled to recover the $50 paid by them, with interest thereon from the time the defendant rescinded the contract; but that, being themselves in the wrong, they could not recover any damages of the defendant for his rescission of the contract.

*Held also*, that it was not necessary for the plaintiffs to demand the $50 of the defendants, before bringing their action to recover it back.

THIS was an appeal by the plaintiffs from a judgment entered upon the report of a referee.  The plaintiffs were partners in buying and selling sheep, and on the 19th day of June, 1857, bought of the defendant 48 old sheep at $3.50 per head, and 12 lambs thrown in.  The plaintiffs paid $50 down, on the sale, and were to pay $50 on the 22d of said month, and take the sheep away within ten days from the making of the sale, and pay the balance of the purchase money.  The plaintiffs did not pay the $50 on the 22d, and did not call for the sheep and offer to pay the purchase money within ten days.  On the 7th of July the defendant told the plaintiff Foot that the sheep were sold, and refused to let the plaintiffs have them.  The plaintiffs brought this action to recover the $50 paid on the sale, and damages.  The referee decided that the plaintiffs were not entitled to recover, and the plaintiffs excepted to this decision.  Judgment was entered against them for costs.

*Loomis & Rogers*, for the appellants.

*Henry A. Clark*, for the respondent.

BALCOM, J.  "Earnest," says Kent, (2 *Kent's Com. 4th ed.* 494 *and* 495,) " is one mode of binding the bargain, and giving

to the buyer a right to the goods upon payment; and if he does not come in a reasonable time *after request,* and pay for and take the goods, the contract is *dissolved,* and the vendor is at liberty to sell the goods to another." It was held in *Niel* v. *Cheves,* (1 *Bailey's S. C. Rep.* 537,) that if time and place for delivery be appointed, and the purchaser does not attend, or offer to pay, the vendor may *rescind* the contract, even though he had previously received part of the purchase money.

The referee has found, in this case, that the plaintiffs did not offer to pay the balance due for the sheep within the time allowed by the contract, and that they did not demand the $50 of the defendant which they had paid him towards the sheep; also, that the defendant did not sell the sheep until the time had expired within which the plaintiffs were to take them and pay the balance they had agreed to pay therefor.

If the defendant had desired to keep the contract good, he should have given the plaintiffs notice that he should sell the sheep, if they did not take them and pay what remained due for them by a certain time, and look to the plaintiffs for any deficiency in the price they agreed to pay him therefor, which they should bring, by way of damages, for the plaintiffs' breach of the contract. (1 *Sandf. S. C. Rep.* 297.) When the defendant sold the sheep, without giving such notice to the plaintiffs, he *rescinded* the contract *in toto,* and lost all right of action against the plaintiffs for their breach of it, and became liable to refund to them the $50 he had received on it. This principle was settled in this state in *Raymond* v. *Bearnard,* (12 *John.* 274,) in the year 1815, and it has not since been departed from. That case also determines the question that it was unnecessary for the plaintiffs to demand the $50 of the defendant, before bringing their action to recover it back. (*Also see* 5 *Hill,* 107; 14 *N. Y. R.* 492.) It is therefore clear that the plaintiffs were entitled to recover the $50 they paid towards the sheep, with interest thereon from the time the defendant rescinded the contract; but they

were not entitled to recover any damages of the defendant for his rescission of the contract, because they did not fulfill it themselves, by reason of their omission to call on the defendant for the sheep and offer to pay him what was due therefor, within the time fixed by the contract. The judgment in the action should be reversed, and a new trial granted; costs to abide the event.

MASON, J. concurred in the above opinion.

CAMPBELL, J. As far back as the case of *De Fonclear* v. *Shottenkirk*, (3 *John.* 170,) Mr. Justice Spencer thus clearly defines a contract of the character of the one in this case: "Independently of the statute, any words importing a bargain, whereby the owner of a chattel signifies his willingness and consent to sell, and whereby another person shall signify his willingness and consent to buy *in præsenti*, for a specified price, would be a sale and transfer of the right to the chattel."

In this case, fifty dollars, part of the purchase price, was paid at the time of making the bargain. The whole facts and circumstances show an absolute and unconditional sale. The title to the sheep vested in the vendees. The vendor retaining possession had a lien for the unpaid purchase money. There were no conditions attached to the sale. It was not stipulated that the vendees could have the sheep, provided they approved of it within a certain time and paid the balance of the purchase price. The sale was *in præsenti*, the delivery to take place at a future day, on receipt of the balance of the purchase money. It is said that if a time and place be appointed for payment, and the buyer do not attend at such time and place, the seller may also resell, although earnest be given. (*Story on Cont.* § 788.) In this case it was not earnest money merely: it was part payment—the sum paid amounting to more than one fourth of the whole purchase price. Still the vendor, under his lien, might have proceeded and resold the property, on giving notice to the vendees, and at their risk and charge; or he might have sued for the un-

paid purchase money, if the vendees had refused to accept the sheep and pay therefor. The vendor did neither. Without notice to the vendees, he undertook arbitrarily to rescind the contract, and without notice proceeded to sell the sheep to third parties, at a price which does not appear; and refused even to return the fifty dollars, part payment.

There must be a new trial; costs to abide the event.

Decision accordingly. Order of reference to stand; but either party to have liberty to apply for the appointment of a new referee.