## CORNELIUS C. HICKOCK *vs.* BYANTHA HOYT.

The plaintiff and defendant entered into a written contract for the sale and delivery by the latter to the former of a quantity of wine, at a price agreed, to be taken by the plaintiff at the house of the defendant. The plaintiff paid down $50 on the contract. They afterwards agreed orally that the wine should be racked off by the defendant at the plaintiff's expense and that he would call and take it on receiving notice that it had been done. This was done and notice given, but the plaintiff did not call for the wine until seven months afterwards, occasionally informing the defendant of the reasons for his delay. At last the defendant sold the wine to another person without notice to the plaintiff, and he brought a suit for damages for the breach of the contract. Held, 1. That a declaration describing the contract as being for the delivery of the wine in a reasonable time, according to its original terms, was not variant, as the later agreement was not to be regarded as affecting the time of delivery ; or, if it was, was to be regarded as an arrangement by the parties as to what should be deemed a reasonable time. 2. That the delay of the plaintiff in calling for the wine was clearly unreasonable. 3. That the defendant had the right, after waiting a reasonable time, to sell the wine to another person without notice to the plaintiff. 4. That the defendant had not become liable for a breach of the contract by not tendering back the $50 paid on the contract by the plaintiff. 5. That the plaintiff could recover back the $50 upon the count in his declaration for money had and received.

Where the title to personal property passes by a sale, and the vendor retains the possession as security for the purchase money, and finally sells to other parties for a less price, and seeks to recover the difference from the first purchaser, it is necessary that specific notice of the time and place of sale should have been given. But in a case like the present, where the contract is executory, the plaintiff's title incomplete, and the right to complete it lost by his own fault and no claim is made on him for damages, no such notice is necessary.

ASSUMPSIT, upon two special counts for breach of a contract to deliver a quantity of blackberry wine, and a count in general assumpsit for money had and received, to recover the sum of $50 paid by the plaintiff on the contract. The case was brought to the superior court for Fairfield county, and tried on the general issue closed to the court, before *Hall, J.*, and the following facts were found by the court.

The defendant, at the time of making the contract below stated, was the administratrix on the estate, then in course of settlement, of her late husband, Isaac Hoyt, of which about five hundred gallons of blackberry wine was a part ; and the interest of the estate required an early sale of the same.

On the 16th of August, 1862, she sold the wine to the plaintiff, who thereupon executed and delivered to her the following agreement in relation thereto: " This is to certify that I, C. C. Hickock, 18 Vesey Street, New York, agree to pay Mrs. Isaac Hoyt seventy-five cents per gallon for blackberry wine, five hundred gallons more or less, provided that it is all of the same quality as per sample, allowing one dollar for the barrels, and that in good faith of said agreement I herewith give to her fifty dollars on account of said wine, which is to be cash on delivery at Darien. August 16th, 1862. C. C. HICKOCK." Darien was the place of the defendant's residence. At the same time the plaintiff paid the defendant the fifty dollars. It did not appear but that the wine in question corresponded in quality with the sample furnished. The plaintiff purchased the wine with the expectation of a ready sale to the army then at the south, of which he advised the defendant, and it was received by him in the cellar of the defendant's house. On the day of the purchase, and soon after, the parties further agreed orally that the defendant should cause the wine at his expense to be racked off, when she was to give him notice of the fact, and that he was then to take it and pay her for it. The defendant in a reasonable time caused the wine to be so drawn off, and by a letter which the plaintiff received advised him of the fact, and requested him to take it and pay for it. About the same time the defendant at the plaintiff's request and expense put into the wine, to preserve it, sixteen gallons of pure spirits; and the plaintiff informed the defendant that he had lost the sale of the wine, and that, by military order then recently issued, liquors were excluded from the army. On another and subsequent occasion, in the month of October or November following, at the defendant's house, the plaintiff was requested by her to remove the wine, and he there informed her of his inability to find a purchaser who would give him the price he asked for it, though he had received an offer of $1.25 per gallon, which he had declined to accept. In January, 1863, the plaintiff told the defendant that he would pay her for the wine and take it away by the 9th of March then ensuing; but

there was no mutual understanding or arrangement as to her consenting to wait so long. On the 9th of March the plaintiff, by his agent, with money in hand, called upon the defendant at her residence to pay for the wine ; but she, having kept the wine till about the 20th of February, had then, without notice to the plaintiff of the intended sale, disposed of it to another person. Between the 16th of August, 1862, and 20th of February, 1863, the wine by leakage had become diminished in quantity by about the number of gallons of pure spirits that had been added to it. During all that time the wine was worth $1.25 per gallon.

The defendant objected to the admission of the written contract in evidence on the trial, on the ground that it did not sustain either count of the declaration, and was variant; and the evidence was received subject to the objection.

Upon these facts the case was reserved for the advice of this court.

*Carter* and *Woodward,* for the plaintiff.

1. There is no variance in either of the special counts, but if the first is not sustained by the proof the second clearly is ; and the facts found show that the plaintiff offered to take and pay for the wine in a reasonable time.

2. The plaintiff acted in good faith, and should have been treated in the same manner.

3. The plaintiff was not in default, but if he had been the defendant had no right to sell the wine without first giving him specific notice to pay for it and take it away. Story on Sales, § 428 ; *Langfort* v. *Tiler*, 1 Salk., 113 ; *Hinde* v. *Whitehouse*, 7 East, 571.

4. In any event the plaintiff is entitled on the count for money paid to recover back the $50 paid to the defendant on account of the wine purchased.

*Ferry,* with whom was *Ferris,* for the defendant.

1. There is clearly a fatal variance between the first count and the proof. And the second count we contend is also variant from the proof. The statement of the consideration

of the defendant's promise in this count is that the plaintiff promised to take and pay for the wine *in a reasonable time*. But the proof is that the consideration was the promise of the plaintiff to take and pay for the wine upon receiving notice that it was ready; that is, that it had been racked off by the defendant. *Russell* v. *South Britain*, 9 Conn., 521; *Kellogg* v. *Denslow*, 14 id., 411; *Maine* v. *Bailey*, 15 id., 298.

2. But it may be claimed that the finding is substantially of a promise to pay in a reasonable time. If this be so, even then the finding does not sustain the averment of performance of this promise by the plaintiff.

3. The plaintiff having failed in performance of his promise cannot recover either damages or the $50 paid as earnest. Story on Sales, §§ 423, 424, 428.

CARPENTER, J. This action is brought to recover damages for the non-fulfillment of a contract, entered into on the 16th day of August, 1862, for the sale of a quantity of blackberry wine. In the first count the plaintiff alleges that the wine in question was "to be delivered by the defendant to the plaintiff, on his request, as soon thereafter as the plaintiff could find proper opportunity to sell the same, on notice thereof to her," &c. This part of the declaration is not sustained by the finding of the court. The contract, as originally made, was silent as to the time of performance. The legal inference is, that it was to be performed in a reasonable time. Subsequently, but upon the same day, the parties further agreed that the defendant, at the plaintiff's expense, should cause the wine to be racked or drawn off, when she was to give the plaintiff notice, and then he was to take and pay for the same. Neither the original contract, nor the contract as modified by the subsequent arrangement, supports the declaration. There is therefore a fatal variance, and the plaintiff is not entitled to recover upon that count.

In the second count it is alleged that the defendant was to deliver the wine, and the plaintiff was to take and pay for the same, within a reasonable time. Perhaps it would have been well to have declared upon the contract as subsequently

modified; but we think this count as it now stands sets out the contract according to its legal effect. That such was the legal effect of the contract, as originally made, is clear; and we think the subsequent agreement does not change it. That agreement related to the time of performance, and did not otherwise affect the terms of the contract. We think it may be fairly regarded as an arrangement between the parties by which they determined what should be deemed a reasonable time. Taking this view of it enables us to determine this part of the case upon its merits, rather than upon a question of pleading. Assuming then that the second count is good, and adapted to the case, the question recurs, whether the plaintiff is entitled to recover. Or, to state it in another form, did the plaintiff offer to perform the contract on his part within a reasonable time? Strictly speaking this is a question of fact, and should have been directly found by the court below. But as enough is found to relieve the question of all difficulty, we have no hesitation in disposing of it upon the record as it now stands.

If we are right in the view we have taken of this contract, it is clear that it was the duty of the plaintiff to take the wine immediately upon receiving notice that it had been drawn off by the defendant. When that was does not distinctly appear. But it is found that the wine was drawn off in a reasonable time, and notice given; and also that in October or November the plaintiff was particularly requested to remove the wine. From these facts it may be fairly inferred that the wine was ready for delivery on or before the first of November, and that the plaintiff refused to receive it. The excuse for such refusal is, that the plaintiff had not been offered as much for the wine as he thought he ought to have, although he had then been offered $1.25 per gallon. In reply to this it is sufficient to say, that the court has found that the performance of the plaintiff's contract depended upon no such contingency. Therefore the defendant was not bound to wait until the plaintiff had received an offer which he might deem satisfactory. The plaintiff might keep the wine as long as he pleased, but he had no right to impose upon the defendant the burden of keeping it, at her own risk and ex-

pense, while he alone had all the advantages, if any, of the delay.

But if we concede that a reasonable time had not then elapsed, no reason has been suggested, and we think none can be from the case as presented, why the performance of this contract should be delayed for a period of seven months. On the other hand the reasons why there should be no such delay are obvious. The property belonged to an estate in process of settlement, and it was for the interest of the estate that it should be sold at an early day ; it was liable to waste by leakage ; it was exposed to a total loss by fire or otherwise; and the defendant, in the mean time, was onerated with the duty of storing and caring for it, besides being deprived of the use of the purchase money. Under these circumstances we do not doubt that a jury would find, and ought to find, without hesitation, that the plaintiff's refusal for so long a time was unreasonable. The defendant then was justified in selling the wine to other parties. And the plaintiff cannot justly complain of the want of notice. Notice to him that the property was ready for delivery, and an offer on the part of the defendant to deliver the same, was all that the law required. 1 Swift Dig., 377. Where the title is changed, and the vendor retains the possession as security for the purchase money, and where the vendor sells to other parties for a less price, and seeks to recover the difference from the first purchaser, in these and like cases it is undoubtedly true that specific notice of the time and place of sale should be given to the purchaser. But in a case like this, where the contract is executory, the plaintiff's title incomplete, and the right to complete it lost by his own fault, and no claim made on him for damages for not completing it, no such notice is required.

We attach no importance to the fact that the plaintiff told the defendant, when the wine was drawn off, that he had lost the sale of it in the army ; nor to the interview between the parties in the month of January following; for it does not appear in either case that the defendant assented to any further delay or waived any of her rights.

Hickock *v.* Hoyt.

It was claimed in the argument that the defendant's failure to tender back the fifty dollars paid, subjected her to damages on the special contract, even though the plaintiff had been otherwise at fault. This cannot be law. I know of no principle that will allow a party himself, without cause, to repudiate a contract, and yet recover damages of the other party for not performing it. For these reasons the plaintiff is not entitled to recover upon the second count.

The third count is for money had and received. Under this count the plaintiff claims to recover the amount paid on the contract. The consideration upon which this money was paid has failed; and unless there is something in this case to distinguish it from the ordinary case of a failure of consideration the plaintiff must recover. It is not pretended that the plaintiff expressly agreed that a failure to perform his contract should work a forfeiture of the amount paid, and the sum paid was so large as to repel any presumption that such was the implied understanding of the parties. Money paid upon a contract which is subsequently rescinded is never forfeited unless there is an express or implied agreement to that effect. Nor does the defendant resist this claim by offering to recover any damages she may have sustained by reason of the plaintiff's failure to perform his contract. Indeed the facts found would seem to indicate that she was benefited thereby rather than damaged. We are unable to discover anything in this case that will justify us in permitting the defendant to retain this money.

The superior court is therefore advised to render judgment for the plaintiff, to recover fifty dollars and interest.

In this opinion the other judges concurred.