REDMOND and Another *v.* SMOCK and Another.

RESCISSION.—RE-SALE WITHOUT NOTICE.—When, on a refusal by the buyer to complete a contract of sale and an abandonment by him of the property, the seller re-takes possession of the property, treating it as his own, and sells the same, without notice to the buyer of an intention to sell for his account, it is a rescission of the contract.

APPEAL from the *Marion* Common Pleas.

GREGORY, J.—The appellees sued the appellants on a contract by which the former sold to the latter a stock of goods, with an unexpired lease on the store-room in which the goods were situated. By the terms of the contract of sale, a cash payment was to be made at the time of delivery, and

the residue of the purchase money was to be secured by notes of the appellants, payable in thirty, sixty, and ninety days. The breach assigned is that the appellants refused to make the cash payment and execute the notes, "and then and there abandoned the lease, store-room and goods, and wholly refused to complete the contract, and repudiated the same." By reason of the facts set out in the complaint it is averred that the appellees have sustained the following damages:

1. They lost the profit of the sale of the lease, to-wit, $450.

2. Also, the decline in the value of the goods, etc., from the invoice valuation to the sum of $————, to which they had declined at the commencement of this suit.

3. Also, for the loss of time, and expenses incurred in making the sale and invoice, the loss of trade and business, and the interruption and stoppage thereof during the making of the invoice.

The appellants answered in six paragraphs.

The first is the general denial.

The second avers that the contract mentioned in the complaint was rescinded by the parties thereto, prior to the commencement of this suit, and that the lease, goods, and all money for which any portion of the goods was sold by the appellants, were returned and delivered by the appellants to the appellees, and were accepted by them.

The third alleges that the contract was rescinded by the appellees prior to the commencement of this suit; that the appellants acquiesced therein, and returned and delivered to the appellees the lease, goods, and the money for which any portion of the goods had been sold by the appellants, which were accepted by the appellees.

The fourth avers that the appellants contracted with the appellees for the sale of the goods mentioned in the complaint, at their wholesale prices, and for the assignment of the lease of the store-room in which the goods were situated, which is the contract mentioned in the complaint;

that the assignment of the lease was made, and the parties proceeded to invoice the goods, when the appellees refused to invoice the goods according to the contract, but proceeded to invoice them at a higher price, when the appellants abandoned the contract and tendered back the lease, indorsed with a re-assignment thereof to the appellees, the goods, and the money for which any portion of the goods had been sold by the appellants, which were received and accepted by the appellees; "*that the complainants have continued in possession of the goods and the property covered by the lease, from the time of the return of the goods and money, and the re-assignment of the lease, up to the commencement of this action, exercising acts of ownership over them, and selling and otherwise disposing of large quantities thereof, by retail and wholesale.*"

The fifth avers that after the making of the contract described in the complaint, and the assignment of the lease and the delivery of the goods as therein stated, the appellants abandoned the contract and returned to the appellees the goods, and all money for which any portion thereof had been sold, and also the lease, indorsed with a re-assignment thereof to the appellees; that the goods, money and lease were accepted by the appellees, who continued in possession of the same from the time of the return to the commencement of the suit, the appellees, during said time, exercising acts of ownership over the goods and the property covered by the lease, keeping a grocery store, and selling and disposing of a large portion of the goods.

The sixth, answering to the further prosecution of the suit, avers that upon the abandonment of the contract by the appellants, they returned to the appellees the goods, the money for which any portion of the goods had been sold, and the lease, indorsed with a re-assignment thereof to the appellees; that the goods, money and lease were received by the appellees, who continued in possession of the goods and the property covered by the lease up to the commencement of the suit, and up to the 24th of *January*, 1866; that

the appellees, during the whole of said period, exercised acts of ownership over the goods, selling and otherwise disposing of large quantities thereof, by retail and wholesale, the appellees keeping a grocery store in the store-house upon the property covered by the lease, and said goods being a portion of the stock in said store; that the appellees, on the said 24th day of *January*, 1866, without the knowledge or consent of the appellants, and without notice of the time and place of sale, and without notice to the appellants that they should comply with said contract, sold said goods and lease at private sale, to parties whose names are to the appellants unknown, and assigned, transferred and delivered said lease to them, and put them in the possession of the goods and the property covered by the lease; that the appellees, at the time of the return of the goods, money and lease to them, did not, nor did they afterwards, notify the appellants that they designed to hold the goods and lease as the property of the appellants, and if they did not comply with the contract they would sell the same and hold them liable for the difference between the contract price and the price for which the goods should be sold.

The appellees moved the court to strike out that portion of the fourth paragraph of the answer in italics. The court sustained the motion, the appellants excepted, and reserved the question by a bill of exceptions.

The appellees demurred to the sixth paragraph of the answer, the court sustained the demurrer, and the appellants excepted. The appellees then filed the following reply:

"1. For reply to the second, third and fourth paragraphs of the defendants' answer, by them herein pleaded, the plaintiffs deny every allegation thereof."

"The plaintiffs deny the repayment of the money named in said answer; they deny the re-assignment of said lease, and further say:

"2. And for reply to the fifth paragraph of the answer, the plaintiffs say that the defendants abandoned said contract and refused to comply therewith, in violation of its

terms and stipulations, as alleged in the complaint herein, and without the consent and against the will and wish of the plaintiffs; that after such abandonment and breach, plaintiffs, as they lawfully might, did take possession of said goods and store-house, and did dispose of the same, as they lawfully might, and now hold the said defendants responsible for the loss sustained by plaintiffs by reason of said breach by the defendants of the said contract of sale."

The appellants demurred to the reply to the fifth paragraph of the answer, but the court overruled the demurrer, and the appellants excepted.

The court, upon its own motion, over the objection of the appellants, instructed the jury:

"1. If you find from the evidence that the contract was rescinded by the parties, the plaintiffs will not be entitled to recover.

"2. If you find that by the contract, the goods were to be invoiced at their original wholesale price, and that the plaintiffs refused to invoice the goods at such price, but proceeded to invoice at a higher price, the defendants might abandon the contract and return the goods, lease, etc.; and in that event, the plaintiffs would not be entitled to recover.

"3. It is not necessary that there should be an actual mutual agreement between the parties to rescind the contract. A rescission may be inferred from the acts of parties, as if, after the lease was assigned and the goods delivered to the defendants, they had abandoned the contract, returned the goods, assigned the lease and paid the money for which goods had been sold, which money, goods and lease were accepted by the plaintiffs and control taken of the same."

The appellants, at the proper time, requested the court to instruct the jury as follows:

"If you find from the evidence that the defendants re- refused to receive the property and to pay for it, and that the plaintiffs kept the property and used and disposed of it.

as their own, this amounted to a rescission of the contract on the part of the plaintiffs, and you should find for the defendants."

The court refused to give this instruction, and the appellants excepted. There is no conflict in the evidence, that when the appellants refused to complete the purchase by the payment of the purchase money, they abandoned the possession of the goods, and the store-room covered by the lease, and that the appellees thereupon took possession thereof, and continued to do business therein in their own names, selling the goods as their own by retail, and paying rent for the room, until they finally sold the entire stock, and surrendered the possession thereof, including the store-room, to their vendee.

The taking possession of the goods and store-room, and treating them as their own, and selling them in their own names by the appellees, after the abandonment by the appellants, was, under the authorities, a rescission of the contract. *Long* v. *Preston*, 2 Moore & Payne 262 (17 Eng. Com. Law, 621); *Fancher et al.* v. *Goodman*, 29 Barb. 315.

If the plaintiffs had, upon the refusal of the defendants to receive and pay for the goods, given them notice that they, the plaintiffs, should sell the goods for the defendants' account, and hold them responsible for any deficiency on the re-sale, and for the expenses of keeping and re-selling the articles, the plaintiffs would, perhaps, have been authorized to sell the goods in the usual way of disposing of such property, but in the absence of any notice whatever of any such intention, the subsequent sale by the plaintiffs was a rescission of the contract. See *McEachron* v. *Randles*, 34 Barb. 301, as modified by the subsequent case of *Pollen et al.* v. *Le Roy et al.*, 30 N. Y. 549.

We think the court erred in striking out a part of the fourth paragraph of the answer, and in sustaining the demurrer to the sixth. For these errors, however, in the absence of any other, we should not reverse the judgment, as the facts averred in the part stricken out, and in the sixth

paragraph, could have been given in evidence under the second.

The court erred in overruling the appellants' demurrer to the reply to the fifth paragraph of the answer, and in refusing to give the instruction asked by the appellants. The instructions given were good law as far as they went, but we think that the jury ought to have been further instructed as asked, in view of the evidence. There are some questions made as to the admission and exclusion of evidence, but in our view of the case they become immaterial.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to overrule the motion to strike out a part of the fourth paragraph of the answer; to overrule the demurrer to the sixth paragraph of the answer; to sustain the demurrer to the reply to the fifth paragraph of the answer, and for further proceedings.

*T. A. Hendricks, O. B. Hord* and *A. W. Hendricks,* for appellants.

*F. M. Finch,* for appellees.

