### LEONARD v. PORTER ET AL.

(No. ——.)

APPEAL from Galveston County. Opinion by WILLSON, J.

LABATT & NOBLE, counsel for appellant.

TREZEVANT & FRANKLIN, counsel for appellees.

§ 55. *Executory contract; resale of property by vendor; notice of intention to resell must be alleged and proved to entitle vendor to recover, etc.; case stated.* Appellant sued appellee for damages for breach of an executory contract. In substance the contract was, appellee agreed to purchase of appellant certain hides for a specified price. Appellant alleged that appellee refused to perform said contract; refused to receive said hides when tendered to him; that said hides were such as were called for by the terms of the contract, etc.; that appellant thereafter sold said hides at a loss of $416.93, which amount he claimed as damages. Appellee excepted specially to appellant's petition, because it did not allege that appellant had given appellee notice of his intention to resell the hides in question before reselling the same. This special exception was sustained, and, appellant declining to amend, his suit was dismissed. Appellant assigns this ruling of the court as error, and insists that notice of resale was not necessary, and that such notice is not essential to his recovery in this action. In support of this assignment, his counsel cite the following authorities: Hickock v. Hoyt,

33 Conn. 553; Ball v. Campbell, 30 Kan. 177, 2 Pac. Rep. 165; Holland v. Rea, 48 Mich. 218, 12 N. W. Rep. 167; Rosenbaums v. Weeden, 18 Grat. 785; Maclean v. Dunn, 4 Bing. 722, quoted in 18 Grat. 791; Lewis v. Greider, 49 Barb. 606. We have examined the decisions above cited, and in the main they support the proposition contended for by the counsel for appellant. But appellee submits a counter-proposition, as follows: "To entitle a seller in an executory contract of sale to proceed by a resale and bind the purchaser by the price obtained, and hold him for the loss sustained, instead of proceeding by an action for the entire contract price, the seller must manifest his election so to proceed by a preliminary notice to the buyer of his intention to resell, stating in effect that he will assert his right of resale, after which no notice of time and place is required to be given, but it must be made according to the usage of trade."

There seems to be considerable conflict of authority upon the question at issue, but we are of the opinion that the weight of authority sustains the view presented in the above counter-proposition. [Kempner v. Heidenheimer, 65 Tex. 587; 2 Add. Cont., § 593; Newm. Sales, § 405, p. 596, and cases cited; 2 Suth. Dam. 359, cases cited; 2 Benj. Sales, § 1164, note 2; Id., § 1180, note 5; Story, Sales, § 226; McClure v. Williams, 5 Sneed, 718; Redmond v. Smock, 28 Ind. 365; Fancher v. Goodman, 29 Barb. 315; Rosenbaums v. Weeden, 18 Grat. 785; McEachron v. Randles, 34 Barb. 301.] In his standard work on Damages, Mr. Sutherland thus states the rule applicable to the case under consideration: "An executory agreement, which requires a subsequent acceptance of the buyer to consummate the sale, does not become a complete bargain and sale, so as to vest the title in him if he refuses to take the goods. In such case the vendor is entitled to recover damages only to the extent of his actual injury from the failure of the vendor to fulfill his contract, which is ordinarily the dif-

ference between the contract price and the market value, at the time and place of the breach, with interest. This may be ascertained and fixed by a resale within a reasonable time, and after notice to the vendee of the vendor's intention to resell, taking all proper measures to secure as fair and favorable a sale as possible. Such resale is made on the theory that the property is that of the vendee retained by the vendor as a means of realizing the contract price. He acts as the agent of the vendee, and deducts from the proceeds all the expenses incurred. After notice of the vendor's intention to resell, no notice of the time and place of the resale is required to be given, but it must be made according to the usage of trade." [Vol. 2, pp. 359, 360.] This statement of the law is made by the author upon the authority of numerous decisions cited in notes. Believing, as we do, that the weight of authority required appellant to give appellee notice of his intention to resell the hides, in order to entitle him to recover in this action, it was essential that such notice should have been alleged in his petition, and we therefore hold that the court did not err in sustaining said special exception.

January 29, 1890                                    Affirmed.