# FRANK URBANSKY *vs.* M. KUTINSKY ET ALS.

First Judicial District, Hartford, May Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK AND WHEELER, Js.

When one has commenced an action for goods sold and delivered, under circumstances which then entitled him to recover the full purchase price, and afterward, by a proper and valid resale of the goods under a lien, receives part of the price, he is not, for that reason, required to abandon his action and bring suit for damages for breach of contract, in order to recover the balance of the purchase price, but he may recover it in the pending suit.

Although the property in goods sold has passed to the buyer, if the goods have not been paid for or actually removed, but remain in the possession of the seller as agent or bailee for the buyer, he has a lien on them for the purchase price, which he may enforce by a resale of the goods if the buyer fails to make payment within a reasonable time. Such resale does not rescind the original sale, but is in the nature of a foreclosure of the lien.

If the defendant desires to claim that by the resale of the goods the plaintiff rescinded the sale to the defendant, or committed some

Urbansky *v.* Kutinsky.

wrongful act which defeats the present action, he must plead that defense specially; he cannot make it under a general denial to a complaint on the common counts for goods sold and delivered.

A charge to the jury that, to constitute a sale and delivery of goods where there was no written contract of sale, there must have been an acceptance and actual receipt of part of the goods, that the delivery must have been with the intention of parting with the possession and title of the goods, that the receipt must be shown by acts of such a character as to unequivocally place the property within the power and under the exclusive dominion of the buyer as an absolute owner, and that there must have been an actual acceptance by the latter with the intention of taking possession as owner,—is correct and adequate upon the subjects of delivery, acceptance, and receipt.

If one, after examining a part of a lot of goods, expressly agreed to buy the entire lot "just as it was," he thereby waived the right of further inspection or examination.

Requests to charge should ordinarily contain only plain propositions of law; and if there are several requests they should be in separate and numbered paragraphs, each containing a single proposition of law. Such propositions of law may be based upon any stated assumption of facts warranted by the evidence.

Requests to charge should not contain any mere statements of disputed facts or evidence. They are not intended to take the place of briefs or arguments, and should not be framed in the form of either; nor should they be expressed in the first person.

Error cannot generally be predicated upon the refusal of the court to charge as requested in a certain paragraph, although that paragraph contains correct propositions of law, if it also contains incorrect propositions or objectionable matter.

Requests to charge not filed as required by § 114 of the Rules of Court (Practice Book, p. 235) may be disregarded by the trial court, and its failure to comply with them cannot be made a ground of appeal.

Argued May 14th—decided July 26th, 1912.

ACTION upon the common counts for goods sold and delivered, brought to the Superior Court in Hartford County and tried to the jury before *Reed, J.;* verdict and judgment for the plaintiff for $432.31, and appeal by the defendants. *No error.*

*Richard H. Deming,* for the appellants (defendants).

*Ralph M. Grant,* with whom was *James J. Quinn,* for the appellee (plaintiff).

HALL, C. J.   The complaint, dated March 15th, 1910, alleges, by the common counts, that the plaintiff, who is a tobacco grower, "sold and delivered," and "bargained and sold," to the defendants, who are dealers in leaf tobacco, goods, wares, and merchandise of the price and value of $2,100.

On the 10th of November, 1910, the plaintiff filed a bill of particulars, charging the defendants, under the date of December 9th, 1909, with nine thousand nine hundred and sixty-four pounds of tobacco, at the agreed price of twenty cents per pound, and sixteen packing cases, at the agreed price of $1.75 each, amounting to $2,020.80, and crediting the defendants, under the date of August 13th, 1910, "by cash $1,621.25," and stating the "balance" to be $399.55.   On December 20th the defendants filed an answer of a general denial, which was the only answer filed.

The plaintiff claimed to have proved, at the trial, that on December 9th, 1909, he sold and unconditionally delivered to the defendants the tobacco in question, which was upon the plaintiff's premises, at said agreed price, and that the defendants accepted and actually received the same, and, having so received it, left it on the plaintiff's premises and in the custody of the plaintiff, agreeing to come and take it away the next day, when the plaintiff was to cart it for them to the steamboat dock; that the defendants failed to take away the tobacco; and that, after sending them bills for it, the plaintiff brought the present suit in March, 1910, and on the 13th of August, 1910, after due notice to the defendants, sold the tobacco for $1,621.25, the best price then obtainable, and credited the defendants with said sum.

The defendants claimed to have proved that there was never any completed agreement of sale to them of the tobacco, and no acceptance or actual receipt by them of any part of it.

The jury returned a verdict for the plaintiff for $432.31.

The defendants appeal to this court upon the alleged grounds that the trial court should either have granted the defendants' motion that a verdict be directed in their favor, or their motion that the verdict rendered be set aside as against the evidence; and that the court also erred in its charge to the jury, and in failing to charge as requested.

Although the evidence before us seems to quite strongly support the defendants' claim that there was no completed sale to the defendants, we cannot fairly say that the manifest conclusion of the jury that the tobacco was sold and delivered to the defendants, and accepted and actually received by them, and was by agreement left in the custody of the plaintiff, without having been removed from the plaintiff's premises, was so clearly unreasonable and against the evidence as to justify us in holding that the case might rightly have been taken from the jury, or that the court should have set aside the verdict. Reasons of appeal one and two, alleging error in denying the defendants' said motions, are, therefore, not sustained.

It does not appear that the court charged the jury as stated in reasons of appeal three, four and seven, unless such instructions are to be inferred from the language of the charge hereafter considered.

Reason of appeal five alleges, in substance, that the court should have charged that to constitute a completed sale there must have been a delivery and acceptance and receipt of the goods, with the intention of the parties to vest the title and possession in the

vendee "discharged of all lien for the price." The court, among other instructions upon this subject, charged the jury that to constitute the alleged sale and delivery there must have been an acceptance and an actual receipt of part of the goods sold; that the delivery must have been "with the intention of parting with the possession and title of the goods"; that the receipt must have been "acts of such a character as to unequivocally place the property within the power and under the exclusive dominion of the buyer as an absolute owner"; and that there must have been "an actual acceptance . . . by the latter with the intent of taking possession as owner." This instruction was adequate upon the subjects of delivery, acceptance and receipt.

Reason of appeal six complains of the charge that the rule of damages in case of a verdict for the plaintiff was the balance claimed in the bill of particulars, with interest from August 13th, 1910. The court had already told the jury that the plaintiff could only recover upon proof of the claimed contract of sale, and of an acceptance and actual receipt of a part of the goods by the defendants. The defendants had no cause to complain that they were not holden for the full amount of the contract price due when the suit was brought, but were given credit for the sum realized by a resale. If the plaintiff was entitled to recover anything in this action, he was entitled to recover the amount stated by the court. Indeed, if the form of action and proof had been such as to entitle the plaintiff to recover unliquidated damages for breach of the contract of sale, the rule of damages would have been the same as that stated by the court. Sales Act, § 64 (Public Acts of 1907, p. 782).

Under reason of appeal eight, the defendants assert, in their brief, that the court charged the jury that "upon the facts in this case no right of inspection on the

part of the defendants existed." The court in fact charged that, if, "as a part of said contract, the defendants agreed to take said tobacco *as it was* on the day of making said contract, then no right of inspection existed upon the part of the defendants." The plaintiff claimed to have proved that the defendants had previously examined a part of the tobacco, and that, on the day of the contract, they agreed to take it "just as it was."

This language, if used, clearly meant that the defendants were satisfied to take it in its then condition, without further examination. The right of a vendee to examine the goods is to enable him to ascertain whether they conform in kind, quality, and quantity to the terms of the contract. But such right may be waived. Elliott on Sales, 522; *Downs* v. *Marsh*, 29 Conn. 409, 413; Sales Act, § 47 (Public Acts of 1907, p. 777). If, with the goods before them, the vendees agreed to take the goods just as they were, they, by their contract, waived the right of further inspection or examination.

Reason of appeal nine assigns error in the refusal of the court to charge in accordance with the requests one to five. As several of the defendants' requests to charge are faulty both in form and substance, we deem it proper, before discussing the action of the trial court regarding them, to make some suggestions concerning the purpose and proper form of such requests.

The real purpose of filing such requests, apart from that of procuring a favorable charge, is to obtain, and have made part of the record, such rulings of the trial court upon pertinent questions of law, by its failure to charge as requested, as the party filing such requests may desire to have reviewed by an appellate court. Such requests should ordinarily contain only plain propositions of law. Such propositions of law may be based upon any stated assumptions of facts not un-

warranted by the evidence. Requests should not contain any mere statements of disputed facts or evidence. Requests to charge are not intended to take the place of briefs or arguments, and they should not be framed in the form of either; nor should they be expressed in the first person. When there are several requests, they should be in separate and numbered paragraphs, each containing, as far as practicable, a single proposition of law. When so framed, they may conveniently and properly be referred to by their numbers in reasons of appeal and in briefs.

Generally, error cannot properly be predicated upon the refusal of the court to charge as requested in a certain paragraph, although it contains correct propositions of law, if it also includes others which are not, or contains objectionable matter which cannot properly be charged.

Our rules require that requests to charge must be filed in duplicate and in writing with the clerk of the trial court, before the beginning of the arguments, and that the clerk shall file them, and forthwith hand one copy to the court and one to opposing counsel; and that all other requests may be disregarded by the trial court, and that its failure to comply with them cannot be made a ground of appeal. Practice Book (1908) p. 235, § 114.

The only reason stated in the defendants' brief, why the court should have charged in accordance with the five requests named in the reasons of appeal, is that the plaintiff was not entitled to recover "upon any theory suggested by the evidence and warranted by law."

Request five, that the court charge that there was no evidence upon which the jury could properly find a delivery and acceptance of the tobacco, was properly refused for reasons already stated.

In so far as requests one, two and four *a* asked the court to charge that the plaintiff could recover upon no other ground than for goods sold and delivered, as alleged in the complaint and bill of particulars, and that such an agreement of sale could only be enforced in this case upon proof of an actual delivery of a part of the property, such requests were complied with.

In request three, and, perhaps, in two and four, the defendants, in effect, asked the court to charge that, even though a sale and delivery of the tobacco to the defendants had been proved, the plaintiff could not recover in this action by reason of the fact that the plaintiff, after the commencement of the suit, sold the tobacco to a third person.

Upon the facts which the jury must have found under the charge of the court, namely, that there was a sale and delivery and actual receipt of the goods by the defendants, the plaintiff was entitled, when this suit was commenced, to recover, under the count for goods sold and delivered, the full contract price of $2,020.80. The complaint and bill of particulars contain no averment of a resale by the plaintiff, beyond the fact that the defendants are credited with a certain sum. The resale was after this action was brought, and after the defendants had failed to take away the goods or pay for them. If, with notice of the resale, and they may be charged with such notice from the written notice sent them, together with the credit given in the bill of particulars filed before the answer, the defendants desired to claim that the plaintiff had by such resale rescinded the sale to them, or had done some unwarranted act which defeated the present action, they should have pleaded it as a defense. Sales Act, § 63 (Public Acts of 1907, p. 782).

But if the jury found, as we must assume they did, that there was a sale and delivery and an actual receipt by the defendants, and that after the completed

sale and before the goods were removed they were placed in the custody of the plaintiff, they would have been justified in finding that the plaintiff was in possession of the goods as the agent or bailee of the defendants at the time of the resale; and the court would have been justified in holding that the plaintiff had such a lien upon the goods as entitled him to make the resale. Indeed, the defendants assert in their fifth reason of appeal that the plaintiff sold the goods after the commencement of the suit, *as bailee of the defendants.*

Although the property in goods sold has passed to the buyer, if the goods have not been actually removed, the unpaid seller in possession, even though his possession be that of agent or bailee for the buyer, has a lien on the goods for the purchase price. Sales Act, §§ 53, 54, and 63 (Public Acts of 1907, pp. 779, 782); Elliott on Sales, 557; Benjamin on Sales (7th Ed.) § 767. Such lien may be enforced by the vendor by a resale of the goods, after the vendee's default of payment for an unreasonable time; and if, upon a fair and proper resale, less than the original contract price is realized, the vendor may recover the balance of the purchase price from the first vendee. Sales Act, § 60 (Public Acts of 1907, p. 781); Elliott on Sales, 593, 597, note 4. Such difference was the amount of the verdict in the present case. Under our statute, the vendor does not lose such lien by bringing an action for the price of the goods. Sales Act, § 56 (Public Acts of 1907, p. 779). Such a resale does not rescind the original sale, but is consistent with the title being in the vendee; nor, as we have shown, does the vendor, by such fair resale, lose his right of action against the first vendee for such part of the original purchase price as remains unpaid after applying, in part payment thereof, the avails of the resale. Elliott on Sales, 548, 551; Benjamin on Sales (7th Ed.) § 782; Sales Act, § 60 (Public Acts of

1907, p. 781). Such sale is in the nature of a foreclosure of a lien held to secure the payment of the purchase price. Elliott on Sales, 591; *Hickock* v. *Hoyt*, 33 Conn. 553, 558.

It is said that if the defendants are required to pay for the tobacco they are entitled to receive it. The answer to this claim is, first, that they have paid but a small part of the contract price; second, that it is their own fault that they cannot now obtain possession of the tobacco; and third, that they have received the equivalent of the tobacco by receiving credit for the avails of the resale.

Our conclusion is that when one has commenced an action for goods sold and delivered, under circumstances which then entitled him to recover the full purchase price, and afterward, by a proper and valid resale of the goods under a lien, recovers part of that price, he is not, for that reason, required to abandon the action thus commenced and bring a suit for damages for breach of contract, in order to recover the balance of the purchase price, but that he may recover it in the pending suit.

The claim of the defendants, that there was no evidence that the resale was for the best obtainable price, is refuted by the finding, as well as by the evidence.

There is no error.

In this opinion the other judges concurred.