H. W. MANSFIELD *vs.* F. RAYMOND SHAW.

First Judicial District, Hartford, January Term, 1931.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 8th—decided March 3d, 1931.

*Harry L. Nair,* with whom, on the brief, was *Solomon Elsner,* for the appellant (defendant).

*John L. Collins,* with whom, on the brief, was *Alexander W. Creedon,* for the appellee (plaintiff).

AVERY, J.   Briefly, the trial court has found these facts:   The plaintiff, a stockbroker, doing business in New York City, and the defendant, a stockbroker, doing business in Hartford, contracted in New York about March 1st, 1928, for the sale by the plaintiff to the defendant of an automobile owned by the plaintiff.   The price was $3800.   Delivery was made by the plaintiff to the defendant in New York City about March 1st, 1928.   Payment was to be made by the defendant, in an entire sum, about July 1st, 1928. About that time, the plaintiff, by letter, requested payment from the defendant, as agreed; or, as an alternative, the execution of a note to the plaintiff in the amount of $3800.   The defendant failed to pay the money or execute the note.   Between July 1st, 1928, and about September 1st, 1928, the plaintiff fre-

quently endeavored to secure the agreed payment, and the defendant failed to make the same. On September 6th, 1928, the defendant, without plaintiff's knowledge, and without any notice of his intention so to do, returned the automobile to the plaintiff's residence, having removed the Connecticut markers. Thereafter, on the same day, the defendant informed the plaintiff by telephone of the return of the car, and stated as his reason therefor his inability to pay. About the middle of September, 1928, the plaintiff registered the car in his own name in New Jersey, for the purpose of legally operating it to Yonkers, New York, and later to New York City, and effecting repairs necessary to place it in good condition for resale, and to locate it in a place where a market could best be found. The car was, about that time, removed to Yonkers, repaired at a cost of $160, and thereafter stored in a garage in New York City until resold, with the exception of one weekend, when the ultimate buyer on resale used it to determine whether or not he would buy it. Between September 15th, 1928, and about November 15th of the same year, the plaintiff, through his secretary, endeavored by telephone several times, and without success, to secure payment from the defendant. On or about November 15th, 1928, the plaintiff notified the defendant by telephone that he would sell the car for the best price obtainable, and sue the defendant for the difference. The plaintiff endeavored to sell through several automobile agencies in New York City, and the best offer he received was a net price of $1600: About November 19th, 1928, the plaintiff sold the car to a resident of New Jersey for $2000, and shortly thereafter demanded from the defendant the difference between the agreed price and the resale price. The defendant refused to make payment.

The defendant asks for numerous corrections of the

finding; but, as the facts found by the trial court are based upon evidence, no correction of the finding is permissible which will aid the defendant, except the item, $160, cost of repairs.

The facts present the case of a completed sale between the parties, with the property thereafter returned by the vendee to the vendor. In such a situation, the law defines, with precision, the respective rights and duties of the parties. In 2 Williston on Sales, § 497, it is said: "If the goods are in conformity with the contract and ownership has passed to the buyer, he cannot thrust them back upon the seller, or by leaving them on his premises impose a duty upon him to care for them. If under such circumstances the seller does take the goods back, and yet makes it clear that he is receiving them merely to dispose of them on account of the buyer to mitigate damages, he is restored to the position of a lienholder with remedies of such a person against the goods. But he should make clear that he is not assenting to a rescission, for the normal inference from taking the goods back and resuming dominion over them is assent to a proposed discharge of the original sale." And, in § 561 of the same author, "where the seller accepts the goods back he cannot recover the price, unless he revests himself with possession merely as bailee or lienholder." In *Home Pattern Co.* v. *Mertz Co.*, 86 Conn. 494, 502, 86 Atl. 19, we said: "If they were returned, and the plaintiff received them back, it could not now recover the contract price without notice to the defendant that it holds them as the defendant's bailee." The unpaid seller "may recover from the buyer damages for any loss occasioned by the breach of the contract or the sale. . . . The seller is bound to exercise reasonable care and judgment in making a resale and, subject to this requirement, may make a resale either

by public or private sale." General Statutes, § 4680. The finding of the court that between September 15th, 1928, and about November 15th, 1928, the plaintiff, through his secretary, endeavored by telephone several times, and without success, to secure payment for the automobile from the defendant, and that on or about November 15th, 1928, the plaintiff notified the defendant by telephone that he would sell the car for the best price obtainable, and sue the defendant for the difference, rebuts any inference that the plaintiff had assented to a rescission of the sale, and constituted sufficient notice that the plaintiff was holding the automobile for the defendant's account as his agent or bailee.

After the return of the car, the plaintiff registered it in his own name in New Jersey without notice to the defendant; but the court has found that the plaintiff's purpose in so doing was that he might lawfully remove the car from his residence to Yonkers for the purpose of there making repairs necessary for effecting a resale under most favorable conditions. Thus explained, and under the circumstances, this act of the plaintiff is not legally inconsistent with the court's conclusion that the plaintiff had not agreed to rescind the sale.

The difference—$1800—between the contract price and the price realized on the resale, was a proper element of damage in this case. *Urbansky* v. *Kutinsky,* 86 Conn. 22, 30, 84 Atl. 317. The court also found, as an element of damage, an item of $160, the cost of overhauling the car and putting it in condition for resale under the most favorable circumstances. Error is assigned by the defendant in finding this item. The only evidence upon the point was that of the plaintiff who, under direct examination, after stating generally what repairs had been made to the car, was asked by his counsel whether he recalled approximately how

much he had spent on such repairs, to which he answered, "Possibly around $160 or $170." In *Bushnell* v. *Bushnell*, 103 Conn. 583, 596, 131 Atl. 432, we held such evidence entirely too loose an estimate to justify any award to the plaintiff.

It remains to notice briefly the ruling of the court on defendant's demurrer. The complaint was demurred to upon two grounds; first, that it failed to allege any notice by the plaintiff to the defendant of the plaintiff's intention to resell the automobile; and, second, that it failed to allege notice of the time and place of the intended sale. The second ground of demurrer was not well taken. General Statutes, § 4680. As to the first ground of demurrer, the court has found that on or about November 15th, 1928, the plaintiff notified the defendant by telephone of his intention to resell the car. It is true that the court does not state specifically that this notice was a reasonable one, but it has in effect done so by overruling the claim of the defendant that it was not reasonable notice. If any duty rested upon the plaintiff to give notice of his intention to resell, the finding sufficiently shows that this obligation was fulfilled. Under these circumstances, the ruling on demurrer becomes academic. *Mechanics Bank* v. *Woodward*, 74 Conn. 689, 691, 51 Atl. 1084; *Sutherland* v. *Brown*, 85 Conn. 67, 76, 81 Atl. 1083; *New York, N. H. & H. R. Co.* v. *Water Commissioners*, 102 Conn. 488, 497, 129 Atl. 384; *Spirt* v. *Albert*, 109 Conn. 292, 300, 146 Atl. 717.

There is error as to the amount of damages only, and the cause is remanded to the Superior Court with directions to enter judgment for the plaintiff to recover as damages $1800, with interest from the date of the judgment of July 11th, 1930.

In this opinion the other judges concurred.