AARON MARSHALL JONES *vs.* LE MAY–LIEB CORPORATION.

Suffolk.   February 9, 1938. — September 13, 1938.

Present: DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Sale*, Lien of vendor.  *Conversion.*

An unpaid seller of an automobile to whom the buyer redelivered it in an unsuccessful attempt to rescind the sale had a seller's lien upon it under G. L. (Ter. Ed.) c. 106, §§ 42, 43.

As matter of law, a seller of an automobile who, after the buyer had redelivered it and repudiated the sale in an unsuccessful attempt to rescind, waited twenty-five days before selling it, without notice to the buyer, to enforce his lien for the unpaid price, had waited sufficient time within the requirements of G. L. (Ter. Ed.) c. 106, § 49.

Although a buyer of goods, after redelivering them to the seller in an unsuccessful attempt to rescind the sale, had title, there was no conversion by the seller when, to enforce his lien for an unpaid part of the purchase price, he sold the goods after the buyer had been in default an unreasonable time.

TORT for conversion.   Writ in the Municipal Court of the City of Boston dated December 3, 1936.

There was a finding for the plaintiff by *Good*, J., in the sum of $295.   The Appellate Division ordered a report dismissed.   The defendant appealed.

*A. C. Blake*, for the defendant.

*L. Black*, for the plaintiff.

QUA, J.   The facts in so far as they expressly appear are contained in a so called "case stated," which, however, in reality is an agreement as to certain subsidiary facts with the right to offer further evidence.  *Frati* v. *Jannini*, 226 Mass. 430.   The subsidiary facts agreed upon, which are decisive of the case, are these: On Saturday, November 30, 1935, the plaintiff purchased of the defendant, a dealer in automobiles, a De Soto automobile for $695 in payment of which sum he left with the defendant his Chrysler automobile, valued by the parties at $245, and his check for the balance of $450.   On the following Monday morning, December 2, the plaintiff returned the De Soto to the

defendant, stating that its condition was not as represented and that he had stopped payment on his check, and he then demanded the return of his Chrysler, which the defendant refused to return. The defendant then had both automobiles, but had received no money. On December 3 the plaintiff obtained possession of the Chrysler by replevying it from the defendant. On December 27, the defendant, without notice to the plaintiff, sold the De Soto to one Woodbury for $745. Notwithstanding its sale of the De Soto, the defendant contested the replevin of the Chrysler and secured judgment in its favor in the replevin action on October 9, 1936. The plaintiff thereupon redelivered the Chrysler to the defendant on October 17. The defendant has kept the advanced price at which it sold the De Soto and has regained possession of, and has title to, the Chrysler. The plaintiff has paid no money, but has lost his Chrysler. The present action rests upon the theory that the defendant's sale of the De Soto on December 27, 1935, was a conversion of the plaintiff's property.

The facts agreed show that within two days after his original purchase of the De Soto the plaintiff attempted to rescind and to place both parties *in statu quo*, but that the defendant refused to permit this and successfully resisted the plaintiff's effort to recover the Chrysler. The judgment in the replevin action, by which both parties are bound, determined that the plaintiff had not accomplished a rescission, and that his attempt to revest title to the Chrysler in himself and to the De Soto in the defendant had failed. In other words, it now appears by incontrovertible proof that the De Soto which the defendant sold was the general property of the plaintiff.

But it remains to consider whether that sale under the circumstances was a conversion of which the plaintiff can now complain. As the plaintiff had stopped payment of his check, the defendant was an unpaid seller. Did it not therefore have a vendor's lien upon the De Soto and consequently a right of resale under G. L. (Ter. Ed.) c. 106, §§ 42, 43, 49 (sales act, §§ 53, 54, 60)? Section 45 (sales act, § 56) provides that an unpaid seller loses his lien

when the buyer lawfully obtains possession, as the plaintiff here did in the first instance, so that more accurately the question is whether the defendant acquired a new vendor's lien by reason of the kind of possession which it found thrust upon it as a result of the plaintiff's abortive attempt to rescind. *Putnam* v. *Glidden*, 159 Mass. 47, goes far to prove, if it does not decide, that under these circumstances the vendor's lien revives. The authorities elsewhere are to this effect. *Mansfield* v. *Shaw*, 112 Conn. 646, 649. *Meagher* v. *Cowing*, 149 Mich. 416, 422–423. *Jackson* v. *Miles F. Bixler Co.* 157 Miss. 182. *Cohen* v. *John Curtin, Inc.* 107 Misc. (N. Y.) 622, 626, affirmed, 191 App. Div. (N. Y.) 952. *Vanstory Clothing Co.* v. *Stadiem,* 149 N. C. 6. *Rosenbaums* v. *Weeden, Johnson & Co.* 18 Grat. 785. 2 Williston, Sales (2d ed.) § 497 (3rd paragraph). This rule probably serves commercial convenience, and we accept it.

As the defendant had a lien upon the De Soto, the resale of it was not a conversion but was lawful under § 49 (sales act, § 60), "if the buyer . . . [had] been in default in the payment of the price an unreasonable time." Indeed, we think it seriously open to question whether the requirement of § 49 that the seller wait a reasonable time before reselling was intended to apply to a case where the buyer has completely repudiated the purchase in so far as it lies in his power to do so. There seems no good reason for giving such a buyer what is no more than a chance to change his mind, while keeping the seller waiting. *Imperial Laundry Co.* v. *Allen*, 143 Ore. 71, 76–77. 2 Williston, Sales (2d ed.) §§ 550, 551. See *Calvin Hosmer, Stolte Co.* v. *Paramount Cone Co. Inc.* 285 Mass. 278, 282–283; Am. Law Inst. Restatement: Contracts, § 280. But even if we assume that the reasonable time requirement applies to this case, we think that the facts agreed upon show as matter of law (*W. H. Pride & Co.* v. *W. R. Marshall & Co. Inc.* 239 Mass. 53, 58) that the defendant did wait a reasonable time before reselling the De Soto, even when the failure to give notice of resale is taken into account as provided by § 49 (3). The sale was originally intended to be practically a cash

down transaction. There had been on December 2 a complete repudiation by the plaintiff of his purchase. Immediately a lawsuit had been begun based on that repudiation. There had been no retraction of any kind. An automobile is an article which may depreciate rapidly in value. Yet the defendant waited twenty-five days until December 27. In view of the importance of the time element in commercial transactions this was a sufficient delay. *Lowe* v. *Harwood*, 139 Mass. 133. *First National Bank of Litchfield* v. *Pipe & Contractors' Supply Co.* 273 Fed. 105. *Denino* v. *Long Island Carpet Cleaning Co.* 131 Misc. (N. Y.) 526.

Because of the facts agreed and in the absence of any evidence that the resale was improperly conducted or of additional facts which might qualify or mitigate the effect of those agreed, it results that as matter of law the plaintiff cannot recover for conversion of the De Soto. Whether the plaintiff can have relief in any form in any action or whether the unfortunate position in which he finds himself is an unavoidable consequence of the failure of his attempt to rescind is not now before us.

*Order dismissing report reversed.*
*Judgment for the defendant.*