[Civ. No. 19742.   Second Dist., Div. Two.   Feb. 18, 1954.]

LOUIS WEINBERG ASSOCIATES, INC. (a Corporation), Respondent, v. JACK NEWMAN, Appellant.

Samuel A. Miller and Harry M. Fain for Appellant.

Eugene L. Wolver for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover for the value of merchandise purchased from plaintiff by defendant, defendant appeals.

Viewing the evidence as we must in the light most favorable to plaintiff (respondent) pursuant to the rules set forth in *Estate of Isenberg*, 63 Cal.App.2d 214, 216 [2] [146 P.2d 424], the record discloses that defendant, whose place of business was in Los Angeles, visited plaintiff in the city of New York for the purpose of purchasing merchandise; that plaintiff showed him certain samples of milan straw imported from Italy; that thereupon defendant ordered from plaintiff five cases of such straw which was thereafter, pursuant to defendant's instructions, shipped by plaintiff to the Monte Christi Corporation at Rahway, New Jersey, who were dyers of straw.

On July 20, 1948, such shipment was made and an invoice designating the five cases and indicating that they contained 1,881 pieces, was sent by plaintiff to defendant. The merchandise was received on July 20, 1948, by the Monte Christi Corporation, which forwarded to defendant an invoice indicating the number of cases received, and also that there were an aggregate of 1,881 pieces contained in them.

It was the business practice in the industry, when purchasing by the case, to purchase the number of pieces or skeins in a case. The merchandise was sold to defendant by plaintiff to be billed as of December 4, 1948. Although defendant at no time visually observed any of the merchandise, he wrote a letter to plaintiff cancelling his order on the ground that the samples did not conform with the warranty of samples shown him. Upon receipt of the letter plaintiff showed it to the officials of the Monte Christi Corporation. The merchandise was examined and found not to be defective, which information was conveyed to defendant who still refused to accept it.

Subsequently plaintiff instituted the present action to recover the sum of $3,197.70, the contract price of the merchandise. After instituting the action the merchandise was sold by plaintiff at the best available price, for the sum of $1,222.65.

Defendant does not question the sufficiency of the evidence to sustain the trial court's finding that the contract was made; that the merchandise was up to standard; and that defendant repudiated it. He does, however, present the following questions:

First: *Did plaintiff by bringing its action against defendant for the amount of the contract price thereby waive its right to sell the merchandise and apply the amount obtained from the sale to the unpaid balance of the contract price?*

*No.* ■ The rule is accurately stated in 46 American Jurisprudence (1943) Sales, section 525, page 682, as follows: "After the seller's lien has been lost by delivery of the goods to the buyer, the return of the goods by the buyer to the seller in wrongful repudiation of the sale ordinarily restores the seller to the position of a lien holder for the unpaid purchase price, provided the seller makes it clear in accepting the goods from the buyer that he is not assenting to a rescission of the sale . . . according to some authority, a revival of the seller's lien is not effected upon the return of the property by the buyer, where the seller repudiates the return through the commencement of an action against the buyer for goods sold and delivered . . ."

See, also, *Cohen* v. *John Curtin, Inc.*, 107 Misc. 622 [177 N.Y.S. 246], wherein the court says at page 249 [177 N.Y.S.] : "After the return of the bills of lading and the attempted rejection of the goods by the defendant, plaintiffs, under their right of lien for the unpaid purchase price, were entitled to sell the goods and recover from the defendant the difference between the amount realized on the resale and the contract price."

*Jones* v. *Lemay-Lieb Corp.*, 301 Mass. 133 [16 N.E.2d 634, 118 A.L.R. 562], cites *Cohen* v. *John Curtin, Inc., supra,* with approval and applies a similar rule.

■ In the instant case the trial court specifically found that possession and the right thereto was in the plaintiff and that plaintiff had the right to sell the merchandise. This finding was supported by the facts set forth above.

A case on all fours with the case at bar is *Higgins* v. *California Prune & Apricot Growers*, 16 F.2d 190. ■ The rule is also well stated in *Urbansky* v. *Kutinsky*, 86 Conn. 22 [84 A. 317], where the court at page 320 [84 A.] says, "Our conclusion is that when one has commenced an action for goods sold and delivered, under circumstances which then entitled him to recover the full purchase price, and afterwards, by a proper and valid resale of the goods under a lien, recovers part of that price, he is not, for that reason, required to abandon the action thus commenced and bring a suit for damages for breach of contracts, in order to recover the balance of the

purchase price, but that he may recover it in the pending suit.''

Second: *Did the defendant properly refuse to accept the goods on the ground that the quantity which he had ordered was not delivered to him?*

*No.* Defendant's letter of cancellation was predicated solely upon the ground that the merchandise was not up to warranty with the samples shown him. The evidence repudiated this claim. There is no evidence in the record to sustain a finding that the proper quantity was not shipped to defendant.

In view of our conclusions other questions discussed by counsel need not be considered.

Affirmed.

Moore, P. J., and Fox, J., concurred.